JESSE WILMOT BERRY *vs.* ATLANTIC RAILWAY.

York.   Opinion September 23, 1912.

*Accident.   Amendment.   Burden of Proof.   Exceptions.   Motion for New Trial.   Negligence.   Prima Facie.   Verdict.*

1.   The defendant was described in the writ as the Atlantic Shore Railway Company, otherwise known as the Atlantic Shore Line Railway Company. The plaintiff was allowed to amend by striking out the word "Company" in both places. The amendment was properly allowed.

2.   When a plaintiff fails to prove any one essential element of his case, exceptions lie to a refusal to direct a verdict for the defendant.

3.   There was sufficient evidence, prima facie, at least, to warrant a jury in finding that the defendant company was operating the car on which the plaintiff received the injury complained of. Hence a motion to direct a verdict for the defendant for want of such proof was properly denied.

4.   When in a suit against an electric railway company it is shown that an electric car was derailed, and the plaintiff, a passenger, was injured in consequence of the derailment, that is sufficient evidence prima facie of the defendant's negligence. The burden of explanation then falls upon the defendant.

On motion and exceptions by the defendant. Overruled.

An action on the case to recover damages for injuries alleged to have resulted from the negligence of the defendant company. The plaintiff alleges that he was a passenger on one of the defendant's cars, and that the car was derailed, causing him the injuries complained of. Plea, the general issue. Verdict for the plaintiff for $155.80. The defendant excepted to several rulings made during the trial and also filed a general motion for a new trial.

The case is stated in the opinion.

*Leroy Haley,* for plaintiff.

*Cleaves, Waterhouse & Emery,* for defendant.

SITTING: WHITEHOUSE, C. J., SAVAGE, SPEAR, CORNISH, KING, JJ.

SAVAGE, J. Action on the case for negligence of the defendant company. The plaintiff alleges that he was a passenger on one of the defendant's cars, and that the car was derailed, causing him injury. He obtained a verdict for $155.80. And the case comes here on the defendant's exceptions and motion for a new trial.

In the original writ the defendant was described as the "Atlantic Shore Railway Company, otherwise known as the Atlantic Shore Line Railway Company." The plaintiff was allowed to amend by striking out the word "Company" in both places. The defendant excepted to the allowance of the amendment. We think the amendment was allowable. The defendant contends that it amounted to the substitution of a new defendant for the only original defendant, which is not permissible. *Glover Co.* v. *Rollins,* 87 Maine, 434. On the contrary, it seems to us to have been a case of misnomer, and a circumstantial error or mistake, which is amendable under R. S., chap. 84, sect. 10. "Amendments of names of parties," said Walton, J., in *Griffin* v. *Pinkham,* 60 Maine, 123, "are an every day occurrence." The logic of the defendant's argument would have applied equally well to the amendment changing Augustus to Augustine, in the Christian name of a defendant in *Fogg* v. *Greene,* 16 Maine, 282; to one striking out an initial letter in the name of a defendant in *Wentworth* v. *Sawyer,* 76 Maine, 434; to one changing Wright to Wight, in a plaintiff's name in *Wight* v. *Hale, 2* Cush.,

486; to one striking out the words "Elder and" in the description of a plaintiff as the "Elder and deacons" of a religious society, in *Elder and Deacons of Baptist Church* v. *Bancroft,* 4 Cush., 281; and to changing "Mary Cain" to "Ann Cain" in the name of the plaintiff in *Cain* v. *Rockwelll,* 132 Mass., 194. Yet in all these cases the amendments were allowed, or held to be allowable. The point taken is not tenable.

At the conclusion of the plaintiff's testimony, the defendant requested the court to direct a verdict for it, which the court declined to do, and the defendant excepted. If the plaintiff failed to prove any one essential element of his case, the motion was a proper one, and exceptions would lie in case it was denied. *Frederickson* v. *Central Wharf Towboat Co.,* 101 Maine, 406. The case does not state upon what ground the motion was based. But in argument the defendant claims that there was error in the ruling only in one respect. It contends that there was "no proof that the car upon which the plaintiff was riding was at any time being operated by the defendant." We think otherwise.

The plaintiff testified that he took the car which left Springvale, and that his destination was Biddeford; that the accident occurred between Springvale and Sanford; that in going from Springvale to Biddeford upon the line of the Atlantic Shore Line Railroad, passengers change cars at Sanford; that "the company" (manifestly referring as the context shows, to the Atlantic Shore Line Railroad) operates one car between Springvale and Sanford and another car between Sanford and Biddeford. Then after describing briefly the passengers in the car he testified that the car on which he was riding had gone half a mile "on the line of the company" before the accident occurred. The Atlantic Shore Line Railroad was the only "company" which had been mentioned. He testified further that after the accident a car came from Sanford, and took the passengers, himself included, to the station or waiting room at Sanford, and that when he arrived at the station, the "company,"— the Atlantic Shore Line Railroad, had a team there and took him to his residence in Springvale. A witness, Dr. Moulton, testified that he was "a passenger upon a car of the Atlantic Shore Line Railway on April 14, 1911, which had an accident," and that the plaintiff was on the same car. His description shows that the

accident he referred to was the one in which the plaintiff was injured.

We think that this evidence clearly would warrant a jury in finding that the plaintiff was riding in one of the defendant's own cars on the line of its own road. This is sufficient ground on which to base an inference, prima facie, at least, that the defendant was operating the car. The refusal to order a verdict for the defendant on this ground was correct, and this exception must be overruled.

Under the motion for a new trial but little need be said. The plaintiff showed that the car was partially derailed. The rear trucks left the rails, and bumped from sleeper to sleeper for a little distance. This caused the injury. The defendant offered no evidence, and the cause of the derailment does not appear. The action is based upon the defendant's negligence. The plaintiff alleges it, and must prove it. But when it is shown that a car was derailed, and bumped along the sleepers, instead of following the rails, that the plaintiff was a passenger, was himself in the exercise of due care, and was injured because of the derailment, that is sufficient, prima facie. The burden of explanation then falls upon the defendant operating the railway. *Stevens* v. *E. & N. A. Railway,* 66 Maine, 74; *Feital* v. *Middlesex R. R. Co.,* 109 Mass., 398. In this case no explanation is attempted. We must regard the defendant's liability established.

The damages awarded are small, and though perhaps large for the case they are not manifestly excessive. The physical injuries were to all appearances very slight. The suffering was not great, but it was something. The plaintiff was confined to the bed or the house about two weeks. He testified that he was unable to attend to his business for three weeks longer. Though it is claimed that he has grossly exaggerated his inability to work, it is not clear that the jury were not warranted in believing him. He testified that he was earning about $18 a week. On the whole we find no sufficient reason for disturbing the verdict.

*Motion and exceptions overruled.*