GEORGE A. SHELTRA *vs.* MARY A. O'ROURKE *et al.*

APRIL 22, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

MURDOCK, J.  This is a motion to dismiss the defendant's bill of exceptions.  The case was heard by a justice of the Superior Court, sitting without a jury, who reserved decision and sometime later filed a rescript giving decision for the plaintiff.  No exception to this decision was taken.  Within seven days after the filing of the rescript the defendant filed a motion for a new trial on various grounds, including the ground of newly discovered evidence, which was the only ground on which the Superior Court has jurisdiction to entertain a motion for a new trial in a case heard without a jury.  Sec. 13, Chap. 348, G. L., 1923.  *Thrift* v. *Thrift*, 30 R. I. 456.  The defendant filed no affidavits in support of her motion for a new trial on the ground of newly discovered evidence.

The plaintiff relies on *Thrift* v. *Thrift, supra.*  In that case the motion for a new trial was not for newly discovered evidence.  The motion was therefore a mere nullity and the provisions of Section 17, Chapter 348, General Laws, 1923, allowing seven days after denial of a motion for a new trial within which to file notice of intention to prosecute a bill of exceptions did not apply.  In the instant case one of the grounds for the motion for a new trial being that of newly

discovered evidence, the *Thrift* case, *supra*, is not in point. So much of said Section 17 as is pertinent is as follows: "Within seven days after verdict or notice of decision, but if a motion for a new trial has been made, then within seven days after notice of decision thereon..............................shall file in the office of the clerk of the superior court notice of his intention to prosecute a bill of exceptions to the supreme court."

This case is governed by *Murad* v. *N. Y., N. H. & H. R. R. Co.*, 34 R. I. 312. In that case the only valid ground offered in support of the motion for a new trial was that of newly discovered evidence. No affidavits in support of this motion were filed and the motion was therefore denied. It was held that inasmuch as the motion was when filed a valid motion for a new trial the time for filing notice of intention to prosecute a bill of exceptions was seven days after the decision on said motion as provided by the statute and that the failure to file affidavits in support of the motion for a new trial on the ground of newly discovered evidence did not render the motion invalid *ab initio*. See also *Davis* v. *James Brown Machine Co.*, 84 Atl. 740.

The motion to dismiss is denied.

*Peter W. McKiernan, John C. Going, Ernest L. Schein,* for plaintiff.

*Fergus J. McOsker,* for defendant.