SARAH SILVA *vs.* PEERLESS CASUALTY CO.

SAME *vs.* SAME.

MARCH 31, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

SWEENEY, J. This action was tried by a justice of the Superior Court who rendered decision for the defendant. Plaintiff has brought the action to this court by her exception to this decision on the grounds that it is against the law and the evidence.

The case is also before the court on an original petition filed in this court under authority of §5108, G. L. 1923, praying for permission to file a motion for a new trial in the Superior Court on the ground of evidence newly discovered.

The action is brought to recover $600 alleged to be due on a policy of insurance issued by the defendant to Antonio Silva, husband of the plaintiff, who died August 22, 1930. The policy is commonly known as an accident and illness policy. It insured "against the effects resulting directly and exclusively of all other causes, from bodily injury

sustained . . . solely through external, violent and accidental means . . ." A special provision in the policy stated that it did not cover for death "due partly to 'such injury' and partly to disease or bodily infirmity."

The defense was that Mr. Silva's death was not caused solely by injury sustained by accidental means within the meaning of the policy. The illness of Mr. Silva developed as follows: About the 3rd of August, 1930, while digging a trench, he became infected by poison ivy. He received medical attention every day from August 10 until the 22nd, when he died. The cause of his death, as certified to by his last attending physician, was "Poison Ivy, Lobar Pneumonia, Ludwig's Angina." Five physicians attended the deceased. The first physician testified that when he saw Mr. Silva on the 10th he had septicaemia and was suffering from poison ivy and that on the 13th bronchial pneumonia set in. The next day another physician took charge of Mr. Silva. This physician testified that Mr. Silva had lobar pneumonia which cleared on the 20th; that on the morning of the 22nd Mr. Silva seemed better, but that about 7 o'clock in the evening he had an attack of Ludwig's Angina and died. These two physicians were called as witnesses by plaintiff. These witnesses agreed that Mr. Silva was afflicted with ivy poisoning until his death. The first physician testified that he did not think bronchial pneumonia was a usual development from ivy poisoning. The second physician testified that he could form no opinion as to whether there was a causal connection between ivy poisoning and lobar pneumonia or Ludwig's Angina. Defendant called as a witness a specialist who had examined Mr. Silva on the 16th. This witness testified that he found Mr. Silva in a critical condition from pneumonia. He also testified that he recognized no causal connection between ivy poisoning and pneumonia.

The trial justice said he was not satisfied that plaintiff had proved by a fair preponderance of the evidence that her husband died from accidental means or that his death was caused solely by the ivy poisoning.

Plaintiff's attorney states in his brief that "the ivy poisoning was the direct cause of death." The truth of this statement was the main issue in the case. For this reason the case is distinguishable from that of *Dent* v. *Railway Mail Ass'n*, 183 Fed. 840, cited by plaintiff, where the court said: "The undisputed evidence showed that the death of the insured was caused by poison ivy" and held that his death was accidental within the meaning of the policy. For plaintiff to recover she must prove under the terms of the policy that Mr. Silva's death was due solely to the ivy poisoning. In *Clarke* v. *New Amsterdam Cas. Co.*, 179 Pac. (Cal.) 195, when considering a similar proposition, the court said: "Undoubtedly death from any independent cause, whether existing prior to or supervening at a time subsequent to the accident, would defeat the claim of the plaintiff."

The medical testimony above stated proves that Mr. Silva's death was not caused solely by the ivy poison. The weight of the testimony is that there was no causal connection between the ivy poisoning and pneumonia and Ludwig's Angina. In this state of the testimony the contention made by the plaintiff that the ivy poisoning was the direct cause of Mr. Silva's death cannot be sustained. We find no error in the decision of the trial justice.

In support of the petition for leave to file a motion for a new trial in the Superior Court on the ground of evidence newly discovered, the affidavits of two physicians have been filed. These physicians have resided in Providence for many years. Their affidavits are to the effect that a person afflicted with a severe case of dermatitis due to poison ivy may develop pneumonia. No reason is given why these affiants were not called to testify at the trial. If they were not available, other medical experts could have been called as witnesses. Evidence which by the use of ordinary diligence is available at the trial cannot be called newly discovered. It is generally held that an applicant for a new trial on the ground of evidence newly discovered must

have used ordinary diligence to discover and produce the evidence at the trial. 46 C. J. 249, 255. Nothing appears in the affidavits presented which would justify the court in ignoring this rule. The petition is denied and dismissed.

Plaintiff's exception is overruled. The case is remitted to the Superior Court with direction to enter judgment on the decision.

*Charles Z. Alexander*, for plaintiff.

*Henry M. Boss, Jr., Francis W. Conlan*, for defendant.