PANFILO BERARDUCCI *vs.* SAVERIO SARCIONE *et ux.*

DECEMBER 20, 1935.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker, and Condon, JJ.

PER CURIAM.   This is an action brought by the plaintiff against Saverio Sarcione and his wife, Domenica Sarcione, by writ dated October 18, 1933, for money loaned to them at various times and in different amounts from October, 1924, to March, 1933.   The defendants pleaded the general issue and the statute of limitations.   The plaintiff, thereupon, filed a replication setting forth a payment on account and a new promise to pay within the statutory period.   With the issues so framed, the case was tried before a justice of the superior court sitting with a jury and, on April 23, 1934, resulted in a verdict for the plaintiff against both defendants for the entire claim of $1,944.56, with interest from 1924, or $2,681.28.

The same day the defendants filed a motion for a new trial claiming that the verdict was contrary to law, that it was against the evidence and the weight thereof, that it was excessive, and that they had "discovered new and material evidence in said cause."  This motion was heard by the trial justice on May 19, 1934.   No affidavits of newly discovered evidence were presented by the defendants and this ground of their motion for a new trial was apparently waived.   At the conclusion of the hearing, in a decision

from the bench which is reported in the transcript, the justice held that the jury were justified in returning the verdict that they did, if they believed the plaintiff. He then approved the verdict as rendered against both defendants, except that he allowed interest only from the date of the writ, October 18, 1933, rather than from the date of the first loan in 1924, as computed by the jury. This interest of $81.25, added to the plaintiff's claim of $1,944.56, gave a total of $2,026.81. The justice, therefore, ordered a new trial, unless the plaintiff, within ten days, remitted all of the verdict in excess of said sum, but denied it if a remittitur was filed accordingly. The same day, the plaintiff filed a remittitur in accordance with this decision.

The defendants duly filed notice of intention to prosecute their bill of exceptions and by this bill of exceptions, allowed June 22, 1934, they preserved their exceptions to a portion of the charge to the jury, to the refusal of the court to give an instruction that they requested, and to the decision of the trial justice on their motion for a new trial.

On November 22, 1934, the defendants filed a petition in this court for leave to file in the superior court a motion for a new trial upon the ground of newly discovered evidence, and supported the motion by filing affidavits of due diligence. On December 10, 1934, this court granted them permission to file such a motion on or before December 19, 1934. Accordingly, they filed in the superior court a second motion for a new trial setting forth that the verdict was against the evidence, that it was against the law, and that they "had discovered new and material evidence which they could not by the exercise of due diligence have discovered at the time of said trial." Shortly thereafter there were filed in the superior court affidavits of each of the two defendants, of the counsel who prepared the case and was present at the trial in the superior court, and of another attorney who entered his appearance in behalf of the defendants while the original bill of exceptions was pending in this court. The affidavits of the defendants set out the

alleged search for and discovery in their variety store of some mortgage receipts, tax bills, and an old bankbook, while the affidavits of the attorneys set out the efforts that they made to have a local bank locate certain records showing the personal account of the defendants for the period in question. This second motion for a new trial, together with the affidavits that had been filed, came up for hearing in the superior court on December 29, 1934, and the justice denied it.

The case is now before us on the defendants' second bill of exceptions which, but for the addition of an exception to the refusal of the trial justice to order a new trial on the ground of newly discovered evidence, is identical with the bill of exceptions originally filed by them. All the exceptions were briefed and argued in the hearing before us.

The testimony shows that the plaintiff is the brother of Mrs. Sarcione. He is a laborer and illiterate, a consistent worker and frugal in his ways. He deposited his savings in one of two banks or carried them on his person. He went to live with his sister and her husband, the defendants in this case, in 1920, and, according to his testimony, paid them regularly five dollars a week for his board until he left in 1933. The plaintiff testified that, starting with October, 1924, to March, 1933, he advanced to these defendants various sums of money in the total amount of $1,984.56 upon their representations that they needed the money for mortgage obligations, taxes and other expenses; that he made up the different sums from bank withdrawals and money that he had on his person; that these loans, which constituted practically his entire savings, were made by him and received by the defendants with the understanding that they were made to both of them; that they kept an account and would tell him from time to time how much they owed him; that he had to rely on his memory principally, owing to the fact that he could neither read nor write; and that the only money he ever received from the defendants was $40 in March, 1929. The plaintiff further

testified that when his sister asked him to leave on Labor Day, 1933, he asked for his "2000 dollars"; that she told him he could have his money the following night and that at that time instead of receiving the money he was told to bring the matter to court.

The defendants do not deny receiving money in substantial sums from the plaintiff during the time mentioned. The husband stated that the plaintiff, without any request on his part, gave him $400 in October, 1924, as a gift. The wife testified that after 1924, she was satisfied with the sum of $200 a year that the plaintiff gave her for his board, instead of the five dollars a week that she had previously received.

A close examination of the transcript shows that the testimony cannot be reconciled, and that the veracity of the respective parties is a serious issue in the case. The trial justice, who had an opportunity to hear and see them, was in a much better position than this court to determine this question. We find nothing in the record that warrants us in disturbing his decision on the defendants' motions for a new trial.

The newly discovered evidence, which was held insufficient by the trial justice to warrant him in granting a new trial, tended to show that certain payments to third parties were made by the defendants with their own funds. The issue in this case is whether the plaintiff loaned various sums of money at different times to the defendants at their request and not how they spent or applied the money if the loans were actually made. We agree with the trial justice that the newly discovered evidence has no direct bearing on this issue or is not of such weight or character as to be likely to change the decision of the jury upon the merits of the case. *McDonald* v. *Lawton Spinning Co.*, 67 A. (R. I.) 451; *Heath* v. *Cook*, 68 A. (R. I.) 472; See also *Zoglio* v. *T. W. Waterman*, 39 R. I. 396; *Joslin* v. *Rhodes*, 45 R. I. 371. The exception of the defendants on this point is overruled.

The defendants' exception to a certain portion of the trial justice's charge to the jury and their exception to his refusal to charge as requested are without merit. Our examination of the charge shows that it adequately and fairly stated the law applicable to the evidence in the case.

All the defendants' exceptions in their bills of exceptions are overruled, and the case is remitted to the superior court for the entry of judgment on the verdict as reduced by the remittitur.

*Joseph H. Coen, Frank J. Rivelli*, for plaintiff.

*Angelo A. Caldarone, Arabian, Gonnella & Barad*, for defendants.

