HAROLD L. COLLINS
(AMENDED TO ARTHUR L. COLLINS)

*vs.*

BUGBEE & BROWN COMPANY.

York.     Opinion, August 13, 1938.

*Hilary F. Mahaney,*
*Leonard Novick,* for plaintiff.
*Louis B. Lausier,*
*William P. Donahue,* for defendant.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

DUNN, C. J.    This common-law action in tort, for personal injuries, is presented by defendant on exceptions, and, as well, general motion to set aside the verdict.

As sued out, the writ named the plaintiff as Harold L. Collins. On the witness stand, plaintiff, in answer to a question, stated his name to be Arthur L. Collins.

Thereupon, motion to amend was made.

Defendant objected, but merely generally.

In ruling, the trial court judge spoke in this wise: "I am going to allow the amendment."

No suggestion of being taken by surprise, no request for indulgence to prepare the defense, no intimation that the plaintiff and his case could not be rightly understood, was interposed.

Exception was, however, reserved.

Counsel for defendant, on being directed by the judge to entitle his plea of the general issue "to conform to the writ as it appears after the amendment is allowed," filed a new plea accordingly.

There was joinder in issue.

Defendant contends, though the court granted leave to amend,

yet defect or error never was corrected, that no addition to or change within the existing writ was actually made.

The trial proceeded to decision of the facts by the jury on the erroneous assumption that the amendment had been formally approved.

Judge, counsel, parties, appear to have regarded what it had judicially been said might be done, as done.

On this score, plainly, defendant was not misled; it was not injuriously affected.

It is well settled that courts have power over their process, and, subject to the rule that there must be something by which to amend, nearly all formal defects and clerical errors may be amended, not without limitation, but in sound discretion. R. S., Chap. 96, Sec. 11.

Misnomers, a term applied where there is a mistake in the word or combination of words constituting a man's name, and distinguishing him from other individuals, are, within the statute of amendment, correctible. R. S., *supra*; *Fogg* v. *Greene*, 16 Me., 282; *Griffin* v. *Pinkham*, 60 Me., 123; *Wentworth* v. *Sawyer*, 76 Me., 434; *Berry* v. *Railway*, 109 Me., 330, 84 A., 740.

Discretionary rulings may, on occasion, be reviewed. *Charlesworth* v. *American Express Company*, 117 Me., 219, 103 A., 358; *Bourisk* v. *Mohican Company*, 133 Me., 207, 175 A., 345. But not when, as in this instance, exercise of the best judgment of the judge upon the occasion that called therefor, was guided by the law. *Charlesworth* v. *American Express Company*, supra; *Bourisk* v. *Mohican Company*, supra.

Regarding the motion:

On July 31, 1936, the day of the accident, plaintiff was about fifty-two years of age; he was a resident of East Pepperill, Massachusetts; his business was that of a plumber.

The jury, instructed, to the acquiescence of the parties, relative to legal principles which would be applicable to the facts they might find from the evidence, determined that plaintiff, while standing on the boardwalk of an ocean pier, in Old Orchard, Maine, awaiting the convenience of his wife, who was purchasing at a notions booth, sustained hurt, under circumstances entitling him to damages. The award was $488.16.

In the evidence, there was room for the triers to find that, as the

immediate result of negligence on the part of two employees of the defendant corporation, who were engaged in manually propelling, one of them drawing and the other pushing, a loaded truck, (of the type used by railroads at passenger stations,) along the walk, a wheel of the vehicle ran over plaintiff's right foot. Internal lateral ligaments, there was testimony, were thereby sprained.

Plaintiff himself was found free from any contributory negligence.

He testified, on the trial, that for nearly six weeks following the mishap, he could not attend to his usual affairs; that his arch, which "dropped," had been weakened; that he still suffered pain. Evidence was given of expenses incurred and time lost. Doctors gave testimony which might well have been accepted as corroborative, relative to the nature and extent of the hurt.

The printed record, it hardly need be said, sanctions no contention that the verdict is manifestly wrong. The evidence presented a question for the jury. *Shaw* v. *Bridge*, 135 Me., 516, 200 A., 505.

*Exceptions overruled.*
*Motion overruled.*