ANGELO TROIA *vs.* AMADEO LEONE.

JULY 16, 1948.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

272

O'Connell, J. This cause is before us on two appeals from a decree of the superior court, one of which is by the respondent Amadeo Leone, and the other by his wife Carmelia Leone, who after the conclusion of the testimony, by decree entered by the trial justice, was added as a party respondent.

It is alleged in the bill of complaint that on December 16, 1946 the complainant entered into a written agreement with the respondent to form a Rhode Island corporation for the purpose of manufacturing jewelry. However, the proposed corporation was never formed, but, pursuant to the agreement, business was conducted for a long period of time in the city of Providence under the name of Troy Manufacturing Company, Inc.

The bill further alleges that during the conduct of this business all operating costs were paid; that no accounting had ever been made; that as a result of the operation of the business in the name and manner aforesaid the parties became and were partners *inter se;* and that the complainant is desirous of terminating the partnership and having an accounting of the profits and losses. He therefore prays for the dissolution of the partnership, for an accounting between the parties, and that the respondent be enjoined from *commencing* any action against the complainant dur-

ing the pendency of this cause. As all debts had been paid, no rights of creditors were involved.

At the time this cause was heard in the superior court an action at law was pending, which was brought by the respondent on the claim that complainant orally agreed to return the sum of $5000 which the former had contributed under the terms of the written agreement of December 16, 1946.

At the hearing in that court the complainant, while admitting that he had offered to return the $5000 as alleged, testified that the respondent did not accept this offer but said: "* * * we had gone into it together, and he was sticking or go down with me—or we would make some money." He further claimed that a later discussion was held and he offered to pay the respondent the $5000, which he had invested, in the following manner: one half of any bank balance in cash and the remainder in jewelry which he was to make up for the respondent. The evidence showed that two separate written instruments to carry this agreement into effect were drawn up by two attorneys, one of whom had acted for both parties in connection with the original agreement, and the other representing and acting for the respondent. Neither of these agreements was ever signed. No articles of association were filed and no other steps to incorporate were taken.

The trial justice in his decision said that although the parties by their written agreement intended to form a corporation none was created, and since they did not intend to form a partnership they were not actually partners. He stated that the only equitable way to handle the situation was to treat the property and assets held under the agreement as if a corporation had in fact been formed; that the assets should be sold; and after deducting counsel fees and all expenses of operation, the balance should be divided equally between the complainant and respondent.

The decree appealed from held that no corporation had come into existence; that the parties were not partners, but

there should be an equitable distribution of the funds, personal property and assets acquired by them in Troy Manufacturing Company, Inc.; that complainant and respondent should share the expenses of operation and the costs incurred in acquiring the assets, all of which should be deducted from the sum of $10,000 which the parties had contributed in equal shares; and that the balance should be equally divided between them.

The court further found that the oral agreement by which the complainant agreed to pay the respondent $5000 in consideration of which the latter was to retire from the business was of no legal effect, even though the respondent did retire after making such oral agreement, because the parties intended the agreement to be reduced to writing. The decree restrained and enjoined the respondent permanently from prosecuting his action at law, which was based on the oral agreement involved in this cause.

Because of the fact that under the original written agreement the parties had provided that 250 shares of common stock in the corporation to be formed were to be issued in the names of each and 50 shares each in the names of their respective wives, the trial justice at the close of the testimony suggested that the wife of the complainant should be added as a party complainant and the wife of the respondent should be added as a party respondent. No objection to this suggestion was made by counsel for either party and a decree to that effect was entered by the court. No further pleadings were filed and no opportunity was given to the parties so added to present further evidence or to be represented by counsel.

The wife of the respondent, Carmelia Leone, has filed her separate appeal from the decree adding her as a party respondent. Since she was given no opportunity to appear and plead, and no citation was served, nor any other service of process made upon her as provided by G. L. 1938, chap. 518, §4, we think her appeal should be sustained and

a decree entered dismissing the bill of complaint as to the respondent Carmelia Leone.

The respondent Amadeo Leone contends that there is no legal evidence upon which a decree could be founded permanently restraining and enjoining the action at law in the superior court entitled Amadeo Leone vs. Angelo Troia, No. 113709. When equity has obtained jurisdiction of a controversy on any proper ground, it will retain such jurisdiction for the purpose of administering full relief, if germane to the bill, although this may involve matters that ordinarily are cognizable only at law. *Bosworth* v. *Johnson,* 45 R. I. 86; *Scoppio* v. *Cannella,* 45 R. I. 155; *Gregory* v. *Pawtucket Mutual Fire Ins. Co.,* 58 R. I. 434.

In the instant cause the parties are the same as in the law action, the subject matter of that action is involved herein, and the court properly disposed of the law action by permanently enjoining its prosecution after the disposition of the equity cause. It was not obliged to compel either party against his will to try the law action separately, but had full power, in the interest of expedition and to avoid a multiplicity of suits, to settle the entire controversy in one proceeding.

An examination of the transcript shows that the evidence concerning the oral agreement was conflicting. The court found that while there was an oral agreement it was the intention of the parties that such agreement was to be reduced to writing and signed by them before it became effective and that this was never done. Where the evidence is conflicting, as in this cause, the findings of fact by the trial justice sitting without a jury are entitled to great weight and will not be set aside unless they clearly fail to do justice between the parties. *Preble* v. *Higgins,* 43 R. I. 10; *Simeone* v. *Antonelli,* 52 R. I. 41.

After a careful examination of the evidence we are of the opinion that notwithstanding the finding of the trial justice that the parties were not partners in the strict sense, he treated them as if a relationship in the nature

of a partnership *inter se* actually existed; and he found that such relationship required a dissolution, an accounting between them, and an equitable distribution of the remaining assets, after the payment of all expenses and obligations incurred in the conduct and operation of the business. He provided for an adequate method of accounting and of ascertaining the balance available for distribution and ordered such balance to be divided equally between the complainant and the respondent. The decree appealed from in effect treats both parties fairly and provides a just and equitable determination of the questions involved in this cause. In our opinion it is supported by the evidence in the particular circumstances and we see no sufficient reason to disturb it.

The appeal of the respondent Carmelia Leone is sustained, and it is directed that a decree dismissing the bill of complaint as to her be entered in the superior court. The appeal of the respondent Amadeo Leone is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings in accordance with this opinion.

*Ralph Rotondo,* for complainant.

*Louis V. Jackvony,* for respondent.