HARRY DUREPO *vs.* PHILIP WATSON.

JANUARY 19, 1949.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

O'CONNELL, J. This action of trespass and ejectment comes before us on the defendant's bill of exceptions, all but two of which are expressly waived. The first of such exceptions is to the decision of the trial justice denying defendant's motion to file certain special pleas out of time,

and the other is to the direction of a verdict in favor of the plaintiff for possession and costs.

The pertinent facts are as follows. The writ was issued out of the district court of the second judicial district at North Kingstown, and was dated March 9, 1948. Service thereof was made on the same day and on March 22, 1948 decision was rendered in favor of the plaintiff for possession and costs. The defendant duly appealed and all papers in the case were transmitted to the superior court for Washington county. On April 22, 1948 the defendant filed a motion for leave to file special pleas on or before April 26, 1948, and on the latter date such motion was denied by the trial justice. This denial forms the basis of defendant's first exception.

On the following days, April 27 and 28, 1948, the case proceeded to trial, the defendant being limited to his plea of the general issue. He admitted that he was in arrears in his payment of rent, but endeavored to present testimony on his claim that the plaintiff was indebted to him in a sum in excess thereof, which testimony was for the most part excluded by the trial justice. At the conclusion of the evidence the trial justice directed a verdict for the plaintiff. This action is the basis of defendant's second exception.

No copies of the proposed special pleas appear in the papers or in the transcript, but in substance, as indicated by the argument of defendant's counsel to the superior court, such pleas asserted an unliquidated claim against the plaintiff for a commission alleged to be due upon the sale of certain real estate, with an allegation that the plaintiff had promised to credit or set off such commission against the rent.

The plaintiff objected to the filing of these pleas on the following grounds: that all the facts sought to be set up thereby were known before and at the time of the service of the writ; that they were clearly interposed for the purpose of delay; that the court was then in its last session

before vacation and another session would not be held until the fall; that the plaintiff was entitled to a speedy hearing under the statute; and that the filing of these pleas would deprive the plaintiff of such right.

The trial justice stated that he would be inclined to allow the special pleas, if he felt that such ruling would not jeopardize the plaintiff's position, but in view of the fact that defendant had had ample time to file these pleas previously either in the district court or the superior court, and that the filing thereof, if permitted, might require other pleadings, necessitating further delay, he felt such filing at that time might deprive the plaintiff of an opportunity to have the case tried at that session of the court. In this connection he also called attention to the fact that trespass and ejectment cases had a statutory precedence on the calendar.

The defendant contends that there was an abuse of judicial discretion on the part of the trial justice in denying defendant's motion to file such special pleas out of time. It is well settled that a decision made in the exercise of discretionary power should not be disturbed unless it is clearly shown that such discretion has been improperly exercised or that there has been an abuse thereof. *Mac-Kenzie & Shea* v. *Rhode Island Hospital Trust Co.*, 45 R. I. 407; *National Casket Co.* v. *Montgomery,* 52 R. I. 158.

Assuming without deciding that these were equitable pleas which might properly be filed in an action of trespass and ejectment, we are unable to say that the trial justice improperly exercised his discretion or was guilty of an abuse thereof in denying their filing in the circumstances then appearing, and therefore the plaintiff's first exception is overruled.

We find no merit in the remaining exception. By reason of the action of the trial justice in refusing to allow special pleas to be filed out of time the case was tried on defendant's plea of the general issue. The defendant admitted that his rent was in arrears at the time of the issuance of

the writ. In our opinion the action of the trial justice in directing a verdict in favor of the plaintiff for possession and costs was fully warranted. This exception is overruled.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the verdict.

*William H. Leslie, Jr.*, for plaintiff.

*Francis D. McManus*, for defendant.