ALBERT KIRSH *vs.* IDA FRANK, *Ex'x.*

MARCH 3, 1950.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

O'CONNELL, J. This case is before us on the exception of the executrix of the will of William Podrat, late of the town of Narragansett in this state, to a decision of the trial justice granting the motion of certain of the next of kin to enter their appearance as interested parties and to join in the appeal of Albert Kirsh, another of the next of kin, from a decree of the probate court of said town admitting to probate a certain instrument in writing purporting to be the last will and testament of William Podrat. The latter died on March 27, 1948 and his will which was offered for probate was referred for hearing to May 17, 1948. On that date probate of the will was opposed by Albert Kirsh, but after a hearing a decree was entered admitting said will to probate and appointing Ida Frank executrix thereof.

Thereafter and within the time specified by statute Albert Kirsh, through his attorney, filed in the office of the clerk of the superior court for Washington county his claim of appeal and a certified copy of the proceedings appealed from. Among his reasons of appeal was the claim that "William Podrat was not of sound and disposing mind and memory and understanding at the time of the execution of said instrument" and the further claim that "Said William

Podrat was induced to sign said purported last will and testament by and through undue influence exerted upon him by other persons."

On June 22, 1948 after the appeal had been duly entered in the superior court, Charles Podrat, Stella Moskowitz and Bertha Zura, described as heirs at law and next of kin of the testator, through their attorney filed an appearance in the superior court. On August 24, 1948 and *while the appeal of Albert Kirsh was still pending,* the attorney for said three heirs at law and next of kin caused a motion for leave to enter their appearance as interested parties and to join in the appeal of Albert Kirsh to be served upon the attorneys of record for the executrix, which motion was thereafter filed in the superior court on August 26, 1948.

On August 27, 1948, after the above motion had been served and filed, Albert Kirsh, through his attorney, filed a notice of discontinuance of his probate appeal, which was also signed by the attorneys for Ida Frank, executrix under the will of William Podrat. On the same day a *general appearance* in her behalf was entered by her attorneys. On September 20, 1948 the motion to intervene was opposed by said attorneys at a hearing before a justice of the superior court who later rendered a decision granting the motion.

The executrix contends that since the notice of discontinuance was entered on August 27, 1948 the court thereafter had no jurisdiction to hear and decide the motion for leave to enter an appearance and to join in the appeal of Albert Kirsh. The three heirs at law and next of kin above referred to contend that since this motion was served and filed while the case was still pending and before its discontinuance, the court retained jurisdiction to hear and decide such motion and as authority therefore they call our attention to general laws 1938, chapter 573, §2. So far as pertinent this section provides that when a probate appeal is entered in the superior court "the superior court at any time during the pendency of the appeal may direct any additional

notice or service, and, upon motion, may permit any interested party to enter an appearance."

They further contend that the right of a plaintiff to discontinue any civil action, suit or proceeding at law or in equity, in which process has been returned to any court, is contained in G. L. 1938, chap. 523, §2. This section provides among other things that the plaintiff may file a notice of discontinuance at any time before the trial or hearing thereof shall have begun "and thereupon said court, on its next motion day, or the next civil session of the district court, shall enter such discontinuance, as of course, and as of the day of filing such discontinuance, *unless it shall appear that the rights of some other party thereto, or interested therein, will be impaired by such discontinuance;* and no costs accruing after such discontinuance by the court shall be taxable for the defendant." (italics ours)

There is no contention to the contrary by the executrix. Assuming without deciding that such section is applicable to probate proceedings, we are of the opinion that since the motion to permit the intervention of new parties claiming an interest therein was duly filed while the probate appeal of Albert Kirsh was still pending and before the filing of any notice of discontinuance, the court retained jurisdiction to hear and decide the motion and such jurisdiction could not be defeated by merely filing, without the court's approval, a discontinuance of such appeal while the motion relating thereto was pending. Clearly this motion would have been in order for hearing if no discontinuance had been filed as the probate appeal would then be pending. In our opinion if the court thus had jurisdiction of the appeal at the time of the filing of such motion it could not be divested thereof, without its consent or order, by any mere notice of discontinuance filed subsequently by the parties.

This estate has been the subject matter of a previous opinion in the case of *Podrat* v. *Frank,* 76 R. I. 19, where the court permitted Abner Podrat of the city of Los

Angeles, California, another heir at law of the testator, to file out of time an appeal from the probate of his will on the ground that through accident, mistake or unforeseen cause such appeal was not prosecuted within the period provided by statute. In that case this court at page 32 said: "Since the petitioner now seeks only to have an opportunity to litigate the validity of a will that apparently was seriously disputed by some of those who now oppose this petition, and since no inventory has been filed or other proceeding taken in the administration of the estate which would prejudice the respondent or any other heirs or claimants if an appeal were now permitted to be filed, and *since the motion of other heirs to intervene was filed and served while the original appeal was pending in the superior court,* we are of the opinion that in all the existing circumstances the petitioner has shown sufficient cause to justify a conclusion that justice will be better served if he also is permitted to file and litigate his appeal." (italics ours)

We are of the opinion that under the statute the aforementioned heirs at law and next of kin are parties aggrieved by the entry of a final decree admitting to probate the will of William Podrat and that the granting of the motion to permit new parties to intervene in the appeal of Albert Kirsh, then pending, was made under said statute in the exercise of the proper discretion of the trial justice.

It is clear from the following language of the trial justice in his rescript that he was exercising his sound discretion in passing upon the motion before him and that he considered he had jurisdiction to act thereon: "It seems to be the policy of the law to discourage numerous appeals. Of course if the appellant objected to these next of kin joining in his appeal because, for instance, he did not want their case to be heard with his, I would have to give that objection consideration but such does not seem to have been the situation here. The actual situation is too apparent to require stating."

It is well settled that a decision made in the exercise of a discretionary power should not be disturbed unless it is clearly shown that such discretion has been improperly exercised or that there has been an abuse thereof. *Durepo* v. *Watson,* 75 R. I. 51. We find no improper exercise or abuse of discretion in the instant case.

The exception of the executrix is overruled, and the case is remitted to the superior court for further proceedings.

*Martin M. Zucker,* for Charles Podrat, Stella Moskowitz and Bertha Zura.

*Thomas H. Gardiner, Isadore S. Horenstein,* for executrix.