JOHN A. VITULLO *vs.* ANNA AMBROSINO *et al. d.b.a.* WEBSTER PLUMBING CO.

JULY 13, 1951.

PRESENT:   Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

BAKER, J.   This is an action of the case in assumpsit.   It was heard in the superior court by a justice thereof sitting without a jury who rendered a decision for the plaintiff for $315 against defendant Anna Ambrosino.   Thereafter she duly prosecuted a bill of exceptions to this court relying on her single exception to such decision.

A motion in the instant case was heretofore disposed of by this court in *Vitullo* v. *Ambrosino,* 77 R. I. 84.   The case is now here on its merits.   The plaintiff is seeking to recover the amount of a deposit which he paid defendant when they entered into a certain written contract.   The trial justice in deciding for the plaintiff found in substance that such contract was breached not by plaintiff but by defendant and that while the latter was able he was never ready and willing to do the work called for thereby.   It is the contention of defendant that the above decision in the circumstances was clearly erroneous.

It appears from the evidence without serious dispute that the plaintiff and the defendant, who was represented in this transaction by her husband, on January 12, 1946 entered into a written agreement calling for the installation of certain plumbing appliances in plaintiff's house in Providence.   The total cost of doing such work was to be $850 and the sum of $250 was paid thereon by plaintiff to defendant in accordance with the terms of the contract when that instrument was signed.   No time for starting or completing the work was set out in the agreement.   The defendant, however, did no work whatever under the con-

tract, and eventually on May 29, 1946 plaintiff brought the present action to recover the payment he had made.

The evidence on the issue of who broke the contract and why it was not performed is in direct conflict. Testimony on behalf of the plaintiff was to the effect that by oral understanding of the parties work under the contract was to start January 21, because it was necessary that plaintiff be hospitalized for a few days, and also a place to board had to be found for his mother-in-law while the work was being done.

As the defendant did not appear, after a lapse of two weeks, to carry out the contract plaintiff went to her place of business and asked when the work was to be done and he was told by defendant's husband the government regulations prevented starting it. Several times thereafter plaintiff interviewed defendant's husband in regard to carrying out the contract and each time he gave an excuse such as that his brother must be consulted; that he had to pay a large sum to the government; that plaintiff should return later; that the latter's wife should call for the money; and that a check would be sent. On several occasions plaintiff asked for the return of his deposit and even offered to pay defendant's husband for any time he might have spent on the job, but no satisfactory reply was received and the deposit was not returned. Plaintiff also stated that defendant's husband never said he was ready to do the work.

On the other hand the latter testified in substance that when the deposit was made by plaintiff on January 12, 1946 the parties agreed that defendant would be told when to commence work as plaintiff was to be hospitalized soon. However, as defendant received no communication with reference thereto her husband on February 23 went to plaintiff's house, informed the latter's wife that he wished to start the job, and was told that plaintiff would get in touch with him which was not done. Plaintiff's wife denied any such happening or conversation. Defendant's husband

further testified that he called several times at plaintiff's place of business, but that the latter was out on each occasion and that at no time after the contract was signed did plaintiff ask that the work be done.

Finally near the end of April plaintiff came to defendant's store and asked for the return of the deposit, but her husband refused the request stating that he was ready to do the job. Also in May substantially the same thing happened when plaintiff's wife came to the store and sought a return of the money. Defendant produced two witnesses, one of whom corroborated to a certain extent her husband's testimony as to the April incident and the other testified similarly as to the occurrence in May. One of these witnesses was a plumber and a customer of defendant and the other was an unemployed young man who had been cared for by defendant's family when he was a boy.

It is clear that the above contradictory testimony cannot be reconciled and that the credibility of the witnesses is the chief issue herein. The trial justice who saw and heard them testify is in a much better position than this court to determine that issue. *Berarducci* v. *Sarcione,* 55 R. I. 398. In making his decision the trial justice realized his duty in the circumstances. He said: "I have observed these people pretty carefully and I must, from my observation and study of them this forenoon, state that I accept the version of these contested matters from the testimony of Mr. and Mrs. Vitullo and I cannot accept Mr. Ambrosino's version." It is well settled that on conflicting evidence the findings of fact by a trial justice sitting without a jury are entitled to great weight and will not be set aside unless they are clearly wrong and fail to do justice between the parties. *Troia* v. *Leone,* 74 R. I. 271. Applying that rule to the present case, we find no reason to disturb the decision of the trial justice.

This is not a case wherein a plaintiff himself has breached a contract and then attempts to recover a part payment thereon made by him from a defendant who is ready, willing

and able to perform the contract. The facts herein as found by the trial justice and approved by us are otherwise. Therefore cases to the above effect cited by defendant are clearly distinguishable. Furthermore the case of *Vanderford* v. *Kettelle,* 75 R. I. 130, is not controlling here. In that case this court found that the trial justice improperly disregarded all of respondent's evidence whereas here he considered all the evidence, passed unfavorably on the credibility of defendant's witnesses, and accepted plaintiff's version of the matter. In the circumstances we cannot say his action was erroneous.

The defendant's exception is overruled, and the case is remitted to the superior court for the entry of judgment on the decision.

*Joshua Bell,* for plaintiff.

*Letts & Quinn,* for defendant Anna Ambrosino.