LOUIS A. LEVY *vs.* EQUITABLE FIRE & MARINE INSURANCE COMPANY.

DECEMBER 4, 1958.

PRESENT: Condon, C.J., Roberts, Paolino and Powers, JJ.

PAOLINO, J. This is an action of the case in assumpsit to recover the value of an insured mink stole which the plaintiff alleges was lost by a cleansing company. After a hearing in the superior court by a justice thereof sitting without a jury a decision was rendered for the defendant. The case is before us on the plaintiff's exceptions to such decision and to certain rulings of the trial justice.

The declaration alleges that defendant issued to plaintiff a "Jewelry-Fur Floater Policy" insuring a mink cape stole, that the loss thereof was within the policy coverage, and that defendant failed to pay for such loss. The defendant pleaded the general issue. It is undisputed that at the time of the alleged loss the policy of insurance was in full force and effect.

We shall refer only to those portions of the evidence which are pertinent to the issues raised by the exceptions. It appears from such evidence that on or about June 25, 1956 plaintiff's wife delivered the insured stole in person to the Swiss Cleansing Company of this city to be cleaned and stored during the summer months; that she received a storage receipt for the same; and that sometime in the late fall of the same year she called for the garment at the company's plant.

The instant action is based on plaintiff's claim that the stole which was returned to his wife was not the same one left by her for storage. The plaintiff's wife, his mother-in-law, and Arnold M. Winston who testified for plaintiff

in substance corroborated the claim that the stole in question was not plaintiff's.

This testimony was disputed by defendant. One of its witnesses Ester Coty, who was employed by the cleansing company as a clerk, testified that she waited on plaintiff's wife in June 1956 when the stole was left for storage; that she again waited on her when she called for it in the fall of that year; and that the stole which had been delivered by her to plaintiff's wife was the same garment which had been left with her for cleansing and storage.

After the parties had rested their case and the attorneys had completed their arguments, the trial justice, before rendering his decision from the bench, made the following observation: "There is no—is the plaintiff in the courtroom?" The plaintiff's attorney thereupon informed the court that plaintiff was in the courtroom and made an oral motion to reopen the case for the purpose of allowing plaintiff to take the stand to identify himself as the plaintiff in the case. The defendant objected to this motion. The plaintiff's exception to the denial of such motion seems to be based on the contention that the trial justice abused his discretion.

It is well established that motions to reopen a case after testimony is closed are addressed to the discretion of the trial justice and his action on such motions will not be disturbed by this court except for an abuse of discretion. *Kwasniewski* v. *N. Y., N. H. & H. R. R.,* 53 R. I. 144, 147. It is also well settled that a decision made in the exercise of a discretionary power should not be disturbed unless it is clearly shown that such discretion has been improperly exercised or that there has been an abuse thereof. *Durepo* v. *Watson,* 75 R. I. 51; *Kirsh* v. *Frank,* 76 R. I. 438; *Vingi* v. *Trillo,* 77 R. I. 55.

After a careful consideration of plaintiff's contention on this issue, we fail to find any abuse of discretion in the ruling of the trial justice. The main issue in the case is the question of identification of the insured garment. It is

clear, and plaintiff himself concedes, that he could not add anything to the case that had not already been testified to by his wife. This exception is therefore overruled.

After denying plaintiff's motion to reopen the case, the trial justice rendered a decision for defendant. He reviewed the evidence and stated that the main issue was the question of identification; that plaintiff had not satisfied the court by a fair preponderance of the evidence that the stole covered by the policy was not the garment which was returned to plaintiff's wife on the day in question; and that for such reason he would enter a decision for defendant. Immediately thereafter counsel for plaintiff asked the trial justice if it was not discretionary with him to allow plaintiff to testify. The trial justice replied that upon defendant's objection to plaintiff's motion to reopen the case he had, in the circumstances and in his discretion, sustained the objection.

The plaintiff's exception to the decision on the merits in favor of defendant is based on his contention that the trial justice misconceived the evidence and misapplied the law. After a careful examination of the entire record we cannot agree with this contention. It is clear that the decisive issue in this case, namely, the question of identification of the insured garment, depended entirely upon the credibility of the testimony of the witnesses for both parties. The trial justice who saw and heard them testify was in a much better position than this court to determine that issue. *Berarducci* v. *Sarcione,* 55 R. I. 398. Although the trial justice could draw an adverse inference from the failure of plaintiff to testify, *Huebel* v. *Baldwin,* 45 R. I. 40, *Letts* v. *Holgate,* 53 R. I. 198, *Higgins* v. *Mycroft,* 80 R. I. 118, 123, we are satisfied from a reading of the transcript that he did not base his decision solely on the failure of plaintiff to testify. It seems clear that he considered all the testimony; that he deemed the testimony of defendant's witnesses to be more credible than that of plaintiff's witnesses;

256

that after having seen and heard plaintiff's witnesses he did not believe them; that although plaintiff's failure to testify was not decisive of the main issue nevertheless it did not help his case; and that he therefore concluded that plaintiff had failed to prove his case by a fair preponderance of the credible evidence.

It is well settled that on conflicting evidence the findings of fact by a trial justice sitting without a jury are entitled to great weight and will not be set aside unless they are clearly wrong and fail to do justice between the parties. *Vitullo* v. *Ambrosino*, 78 R. I. 354, 357. After a careful reading of the transcript we cannot say that the trial justice was clearly wrong. This exception is overruled.

There remains to be considered one other exception. On November 27, 1957 plaintiff filed a motion entitled "Motion To Recall, Vacate, Set Aside And Annul Decision of November 20, 1957 And Reinstate For Hearing And The Taking Of Additional Testimony." The motion contains an affidavit signed by plaintiff and alleges in substance that he is the husband of Florence L. Levy, who testified at the trial; that he was in attendance during the entire hearing in the superior court; that his failure to take the stand and identify himself as the plaintiff was due to accident, mistake and unforeseen cause; that he was prepared to testify that he was the husband of Florence L. Levy; and that his testimony would conform to the allegations in his declaration.

The trial justice treated this as a motion for a new trial for newly discovered evidence, which in the circumstances is the only procedure provided by statute. See general laws 1956, §9-23-2. *Thrift* v. *Thrift*, 30 R. I. 456; *Sheltra* v. *O'Rourke*, 51 R. I. 317. We shall do likewise. After a hearing thereon the trial justice denied the motion on the ground that the affidavit contained no evidence which could not have been presented during the trial; and further that there was nothing to support plaintiff's contention that

his failure to testify was due to accident, mistake or unforeseen cause.

It is well established that evidence which by the use of ordinary diligence is available at the trial cannot be called newly discovered. *Silva* v. *Peerless Casualty Co.*, 53 R. I. 218, 220. In the instant case the plaintiff was present during the trial. He possessed all the information which he now offers as newly discovered evidence, and he could have testified at the trial if he had chosen to do so before the parties closed the case. The allegations contained in the affidavit do not constitute newly discovered evidence. As was said in *Silva* v. *Peerless Casualty Co.*, at page 221: "Nothing appears in the affidavits presented which would justify the court in ignoring this rule." Moreover, as we have already pointed out, the plaintiff has conceded that his testimony would not have added anything to that given by his wife. Nor does the record show that anyone contradicted the fact that the plaintiff is the lawful husband of Florence L. Levy. Finally, as we have already stated, the failure of the plaintiff to testify was not decisive of the decision on the merits. This exception is overruled.

All of the plaintiff's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*Leonard A. Kamaras,* for plaintiff.

*Orme & Sullivan, Walter R. Orme, Leo J. Sullivan,* for defendant.