332 A.2d 121.

ARAM K. BERBERIAN *vs.* ANTHONY P. TRAVISONO.

FEBRUARY 5, 1975.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

PAOLINO, J. This is a petition for declaratory judgment under the Uniform Declaratory Judgments Act, G. L. 1956 (1969 Reenactment), ch. 30 of tit. 9.[1] The plaintiff, a member of the bar of this state, alleges that the defendant, Director of the Department of Corrections, has and will construe the provisions of G. L. 1956 (1969 Reenactment) §13-2-44.1, as amended by P. L. 1970, ch. 121, §1, to preclude benefits accruing therefrom to persons not under actual incarceration,[2] and that the defendant has

---

[1]General Laws 1956 (1969 Reenactment) §9-30-1 reads as follows:

"Scope—The superior court upon petition, following such procedure as the court by general or special rules may prescribe, shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect; and such declarations shall have the force and effect of a final judgment or decree."

[2]General Laws 1956 (1969 Reenactment) §13-2-44.1, as amended by P. L. 1970, ch. 121, §1, in pertinent part, reads as follows:

"Additional time allowed for blood donations for certain causes.— In addition to any time allowed for good behavior pursuant to §13-2-44

and will not accord to the plaintiff vocational and educational rehabilitation pursuant to G. L. 1956 (1969 Reenactment) §13-2-26, as amended by P. L. 1972, ch. 163, §4, in accordance with his needs.[3] The plaintiff further alleges that he will probably be a prisoner of the defendant when and if this court rejects his appeals from two prison sentences.

The plaintiff prays that the Superior Court declare that §13-2-44.1 requires that defendant credit plaintiff's sentence for blood donations after the imposition of sentence and before actual service thereof, and that it order defendant to formulate and effectuate a vocational and rehabilitation program for persons of plaintiff's vocation, education and experience. The plaintiff also requested a stay of the issuance of mittimus in the two actions pending in that court.

The cause was heard by a justice of the Superior Court on defendant's Super. R. Civ. P. 12(b)(6) motion to dis-

---

any prisoner sentenced to imprisonment for thirty (30) days or more in the adult correctional institutions or in the state reformatory for women whether such sentence was imposed before or after this section became effective, shall be entitled to have deducted from the term or terms of sentence of such prisoner ten (10) days for each pint of his or her blood donated by him or her to any veterans' organization, civil defense unit, hospital, the armed forces of the United States, or the Red Cross or any fraternal or religious organizations or for the purposes of scientific research. Each prisoner shall be limited to four (4) donations each year. Any reduction of sentence so earned shall not be subject to forfeiture."

[3]General Laws 1956 (1969 Reenactment) §13-2-26, as amended by P. L. 1972, ch. 163, §4. reads as follows:

"Educational and vocational training unit.—To most effectively assist the vocational and educational rehabilitation of each person imprisoned in the adult correctional institutions there shall be within the department of corrections an educational and vocational training unit whose duties it shall be to determine such needs and the aptitude of such person and to furnish the means as shall be best designed to effect such rehabilitation."

miss for failure to state a claim upon which relief can be granted. After a hearing, the trial justice granted defendant's motion to dismiss on the grounds that plaintiff would have a remedy by way of habeas corpus and that the Superior Court has no jurisdiction to issue advisory opinions. The case is before us on plaintiff's appeal from the final order entered in the Superior Court granting defendant's motion to dismiss.

## I

In his brief, as well as in his oral argument before us, plaintiff raises two questions. The first is whether the existence of alternate methods of relief precludes relief under the Uniform Declaratory Judgments Act. He argues that the existence of an alternate method of relief does not preclude relief under the Act. In support of his position he cites sections of the Act and one of the Superior Court rules. He then asserts that if he is relegated to his relief by way of habeas corpus, the lapse of time necessarily incurred in litigation will make his petition moot by reason of his relatively short period of anticipated incarceration.[4]

We agree with plaintiff's argument that the existence of alternate methods of relief does not preclude a party from relief available under the Uniform Declaratory Judgments Act. This is evident from the pertinent provisions of §§9-30-1,[5] 9-30-12[6] and Super. R. Civ. P. 57.[7]

---

[4] We here note that we have considered the mootness issue raised by the plaintiff and have found it to be without merit.

[5] General Laws 1956 (1969 Reenactment) §9-30-1, in pertinent part, reads as follows:
"The superior court upon petition, following such procedure as the court by general or special rules may prescribe, shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed."

[6] General Laws 1956, §9-30-12 provides:
"This chapter is declared to be remedial; its purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights,

Section 9-30-1 vests the Superior Court with power to grant declaratory relief, but the exercise of that power is discretionary.

As the United States Supreme Court pointed out many years ago in *Kansas City Southern Ry.* v. *United States,* 282 U. S. 760, 763, 51 S.Ct. 304, 306, 75 L.Ed. 684, 689 (1931):

> "* * * the existence of jurisdiction does not mean that it must be exercised and that grounds may not be shown for staying the hand of the Court * * * The question is thus one for the sound discretion of the District Court * * *."

Thus, the real question here is whether the trial justice abused her discretion in denying declaratory relief on the ground that the proper remedy would be a petition for a writ of habeas corpus. In the determination of whether declaratory relief will be granted the following are some of the factors to be considered, namely, the existence of another remedy, the availability of other relief, the fact that a question may readily be presented in an actual trial, and the fact that there is pending, at the time of the commencement of the declaratory action, another action or proceeding which involves the same parties and in which may be adjudicated the same identical issues that are involved in the declaratory action.

Under our rule a decision made in the exercise of a discretionary power should not be disturbed unless it clearly appears that such discretion has been improperly exer-

---

status and other legal relations; and is to be liberally construed and administered. The remedy provided by this chapter shall be cumulative and shall not exclude or prevent the exercise of any other right, remedy or process heretofore allowed by law or by previous enactment of the legisature."

[7]Super. R. Civ. P. 57 reads, in part, as follows:
"The existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate."

cised or that there has been an abuse thereof, *Levy* v. *Equitable Fire & Marine Ins. Co.*, 88 R. I. 252, 146 A.2d 231 (1958). With that rule in mind and in the light of the factors above, we cannot say that plaintiff has sustained his burden of establishing that the trial justice abused her discretion in denying declaratory relief on the ground that a petition for a writ of habeas corpus was the proper remedy.

## II

The second question raised by plaintiff is whether the Superior Court may decline to grant relief under the Uniform Declaratory Judgments Act on the ground that it has no jurisdiction to issue advisory opinions. We believe that this question must be answered in the affirmative. As this court said in *Lamb* v. *Perry*, 101 R. I. 538, 225 A.2d 521 (1967), except for a relatively few instances when compelling public interest makes for an exception to the rule, an actual justiciable controversy, wherein the plaintiff asserts some legal or property right adverse to the defendant, is basic to the court's jurisdiction. Section 9-30-1 is not intended to serve as a forum for the determination of abstract questions or the rendering of advisory opinions. *Lamb* v. *Perry*, *supra* at 542, 225 A.2d at 523.

Any petition which is based on facts and circumstances which may or may not arise at a future date is of necessity unripe and abstract. To warrant a grant of declaratory relief, there must be a real and substantial controversy admitting of specific relief through a conclusive decree or judgment rather than through merely an advisory opinion as to what the law would be upon a hypothetical state of facts. Also, there must be some present danger to a plaintiff's rights. The Uniform Declaratory Judgments Act requires that there be a justiciable controversy between a plaintiff and a defendant and does not authorize the

Superior Court to give an advisory opinion upon hypothetical facts which are not in existence or may never come into being.

In the case at bar, the plaintiff states that he will probably be a prisoner of the defendant when and if this court rejects his appeals from two prison sentences. Since he may become a prisoner of the defendant sometime in the future, he is asking the Superior Court to answer certain questions now about the length of his potential imprisonment and the conditions relating to such imprisonment if it should occur. Thus, he is asking the Superior Court to decide a future hypothetical question, and therefore any decision by that court would necessarily be an opinion as to what a decision would be on the basis of such hypothetical facts. The plaintiff has failed to present more than an abstract question; he is merely asking for an advisory opinion. In such a situation the trial justice properly held that the Superior Court had no jurisdiction to render an advisory opinion.

The plaintiff's appeal is denied and dismissed, and the judgment appealed from is affirmed.

*Berberian & Tanenbaum, Aram K. Berberian,* pro se, for plaintiff.

*Richard J. Israel,* Attorney General, *Donald P. Ryan,* Asst. Attorney General, for defendant.