Diane MEIER

v.

**EVANSVILLE–VANDERBURGH
SCHOOL CORPORATION.**

No. EV 74–76–C.

United States District Court,
S. D. Indiana,
Evansville Division.

Dec. 18, 1975.

MEMORANDUM OPINION

NOLAND, District Judge.

This cause came before the Court for trial upon plaintiff's complaint for a permanent injunction prohibiting her employer from engaging in alleged acts of sexual discrimination and reinstating her as a teacher at Evansville Reitz High School.

Prior to their marriage, plaintiff and her husband were both teachers at Reitz High School. Pursuant to an unwritten policy of the Evansville-Vanderburgh School Corporation prohibiting spouses from teaching in the same school, plaintiff was transferred from Reitz High School after their nuptial ceremony. Plaintiff's complaint alleges her transfer was ordered solely because she was a woman, but does not challenge the reasonableness of the School Corporation's policy.[1]

The claim for relief set forth in the complaint rests upon Title VII of the Civil Rights Act of 1964, specifically 42 U.S.C. § 2000e–2, which provides in pertinent part:

(a) It shall be an unlawful employment practice for an employer—

(1) to fail or refuse to hire or discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment, because of such individual's race, color, religion, sex or national origin; or

(2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

Plaintiff pursued her administrative remedies under the Act and was issued a right to sue letter by the Equal Employment Opportunity Commission on July 12, 1974.

Prior to trial, the defendant filed a motion to dismiss pursuant to Rule

Jack N. VanStone, Rice & VanStone, Evansville, Ind., for plaintiff.

Joe S. Hatfield, Fine, Hatfield, Sparrenberger & Fine, Evansville, Ind., for defendant.

1. The complaint predicated "Jurisdiction" on Title VII of the Civil Rights Act of 1964.

12(b)(6) of the Federal Rules of Civil Procedure on the theory that discrimination as to a person's marital status does not fall within the proscriptions of the Civil Rights Act. The prohibitions of Title VII apply to discriminatory employment practices based upon race, color, religion, sex, or national origin. 42 U.S.C. § 2000e–2(h); *Andres v. Southwestern Pipe, Inc.*, 321 F.Supp. 895, 898 (N.D.La.1971). Discrimination resulting from an individual's marital status violates the intent of Congress to do away with disparate employment practices among men and women and accordingly falls within the category of "sex" as set forth in Title VII. *See, Sprogis v. United Airlines, Inc.*, 444 F.2d 1194, 1198 (7th Cir. 1971). The Court, therefore, denied defendant's motion to dismiss the complaint for failure to state a claim upon which relief can be granted.

 In a suit brought under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, the plaintiff carries the initial burden of establishing a prima facie case of sex discrimination under the provisions of the statute. *McDonnell Douglas Corporation v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Edwin L. Wiegand Co. v. Jurinko*, 414 U.S. 970, 94 S.Ct. 293, 38 L.Ed.2d 214, vacating mem. 477 F.2d 1038 (3rd Cir. 1973). To prevail on a charge of sex discrimination in employment, a preponderance of plaintiff's evidence must demonstrate the employer discriminated against the plaintiff on account of her sex. *Causey v. Ford Motor Co., et al.*, 382 F.Supp. 1221 (M.D.Fla.1974), mod. 516 F.2d 416 (1975); *Andres v. Southwestern Pipe, Inc.*, 321 F.Supp. 895 (W.D.La.1971), aff'd. 446 F.2d 899 (5th Cir. 1971); *Frockt v. Olin Corporation*, 344 F.Supp. 369 (S.D.Ind.1972);

*Barnes v. Lerner Shops of Texas, Inc.*, 323 F.Supp. 617 (S.D.Tex.1971). Whether an employer has engaged in such discriminatory practices is a question of fact to be determined by the evidence presented in each case. *United States by Clark v. H. K. Porter*, 296 F.Supp. 40 (N.D.Ala.1968).

Plaintiff, Mrs. Diane Minton Meier, has urged the Court to accept the assertion that her transfer from her place of employment was the singular result of her status as the female in a marriage relationship. The evidence presented to the Court does not support her contention and fails to make out a prima facie case of sexual discrimination under Title VII of the Civil Rights Act.

At the time of their marriage, both plaintiff and her husband knew of the longstanding policy of their employer prohibiting spouses from teaching at the same school. They also were aware of their employer's selection of Mr. Meier for promotion to Department Head of the Social Science Department at Reitz High School, a position which would pay an additional annual remuneration of approximately $600.

On August 9, 1973, the couple met with Mr. Hubert Scott, the Assistant Superintendent of Personnel and Student Services of the School Corporation, for the purpose of discussing the Meiers' transfer. Plaintiff and her husband took the position that the employer should choose the transferee; Mr. Meier did not volunteer to withdraw from his new position as Department Head. The employer then transferred plaintiff to Scott Elementary School, where she was also licensed to teach and where her journalism expertise was needed to assist the school newspaper.[2]

2. The written transfer policy of the Evansville-Vanderburgh School Corporation provides: "Transfer. A change in teaching position from one school to another in the Evansville-Vanderburgh School Corporation may be requested by the teacher affected or by the principal of the teacher's school, or may be initiated by the Superintendent or his designee.

"The principal criterion for consideration of a request for transfer is whether in the judgment of the Superintendent the request will result in

the best educational program for the school corporation. A request for transfer will not be granted if the teacher does not meet the educational or other requirements for the existing vacancy.

"The best educational program results from the selection of a school faculty which is well-balanced in terms of the teacher's experience, general background, and competence. Consideration will be given by the Superintendent to the above and other factors when filling vacancies.

The only professional loss plaintiff sustained upon leaving Reitz High School was the $72.55 she annually received as a cheerleader sponsor, an amount offset by the acceptance of her husband's promotion. Her claim of lost seniority was contradicted by direct evidence that her employer recognizes no seniority system. Furthermore, within six weeks after plaintiff's arrival at Scott Elementary School, an opening became available in the English Department at Harrison High School and she was transferred there in accordance with her preference to teach at the high school level.

Mr. and Mrs. Meiers' action at the Scott meeting left the employer with no choice but to transfer the plaintiff. The School Corporation had previously determined to name Mr. Meier head of the Social Science Department at Reitz High School. In light of the employer's unwritten policy against a husband and wife teaching in the same school, that decision necessitated plaintiff's transfer. After hearing all the evidence in this case, the Court has concluded plaintiff was not forced to change the place of her employment because of her sex, but because of her employer's decision to advance education in Vanderburgh County.

This Court is not free to uphold an employer's neutral transfer policy if that policy operates to sexually discriminate against the female partner of a marriage. Relief can be provided to an aggrieved party under Title VII, however, only upon proper proof that a discriminatory policy actually caused the injury alleged in the complaint.

■ Plaintiff's decision to permit her employer to decide who in the marriage relationship would be transferred pursuant to the employer's policy prohibiting a husband and wife from working in the same location precludes her recovery under the Civil Rights Act. While Congress clearly intended for that legislation to eliminate the stereotype station in life which has hindered women's social, economic, and political progress, it cannot be said Congress intended to permit a woman to use the Act as a "whip-saw" to sue her employer for alleged discriminatory acts created by a marital decision which made certain the very conduct she seeks to redress.

■ Evidence of what had happened to other couples who had experienced the impact of the employer's policy challenged by this lawsuit was not relevant to plaintiff's burden of proof in this case. At times that testimony conflicted with the plaintiff's theory of discrimination, but in any event directly raised the issue of the reasonableness of the employer's policy, a question not at issue in this case. Furthermore, this is not a class action and what happened to other possible plaintiffs does not meet this plaintiff's burden of demonstrating the injury she sustained as a result of the defendant's employment policy.

■ Under Title VII of the Civil Rights Act, attorneys' fees may be awarded within the sound discretion of the Court to the prevailing party. 42 U.S.C. § 2000e–5(k). Plaintiff has not prevailed in this lawsuit and absent any other statutory authorization for attorneys' fees, she is not entitled to such an award. *Alyeska Pipeline Service Company v. Wilderness Society,* 42 U.S. 240, 95 S.Ct. 1612, 44 L.Ed. 141 (1975).

The Court wishes to note that the record made at the hearing on defendant's motion to dismiss was stipulated into evidence by agreement of the parties.

The defendant's motion to dismiss paragraph II of the complaint is hereby GRANTED.

The foregoing opinion shall constitute the Court's findings of fact and conclusions of law as required by Rule 52 of the Federal Rules of Civil Procedure.

Accordingly, judgment is now entered in favor of the defendant and against the plaintiff as to paragraph I of the complaint.

As a general principle, not more than ten percent of any faculty will be transferred at one time.
"In considering a request for transfer, the convenience and wishes of the individual teacher will be honored only in the event that they do not conflict with the instructional requirements and best interests of the corporation as determined by the Superintendent."