**Frank J. LOMBARDI, et al.**

v.

**GOODYEAR LOAN COMPANY.**

**No. 87–526–Appeal.**

Supreme Court of Rhode Island.

Nov. 10, 1988.

Paul J. Bordieri, Providence, Frank A. Lombardi, Law Office of Michael Duggan, PC, North Attleboro, for plaintiff.

William J. Riccitelli, Cranaton, for defendant.

OPINION

SHEA, Justice.

This matter is before the Supreme Court on the defendant's appeal from a judgment

for the plaintiffs entered in the Superior Court in an action for declaratory judgment. The Superior Court ruled that the rate of interest on a judgment entered in 1970, that remained unsatisfied, was 6 percent. We affirm.

Frank J. Lombardi, Jean M. Lombardi, and Goodyear Loan Company had been involved in prior litigation which, in 1970, resulted in a judgment for Goodyear for $2,652.94 plus costs and interest at the rate of 6 percent, the statutory rate at that time. Execution on that judgment was issued on June 29, 1970, returnable December 29, 1970. The execution was levied against the Lombardis' real estate in Johnston, Rhode Island, but it was not recorded until December 28, 1981.

In 1986 the Lombardis attempted to satisfy the judgment and execution by tendering to Goodyear the sum of $5,279.35, which represented the judgment, costs, and interest at the rate of 6 percent per annum. Goodyear refused the tender, demanding that the interest be computed at 12 percent per annum. The Lombardis then filed their petition for declaratory judgment against Goodyear, which resulted in this appeal. The Lombardis asked that the court determine the total amount they owed to defendant, including interest. At the time they filed their petition for declaratory judgment, the Lombardis asked for and received permission to deposit in the registry of the court the sum of $9,000 from which the judgment could be satisfied. The Lombardis moved for summary judgment, which motion was granted.

The dispute over the interest rate arises out of the Legislature's amendment of the law covering the interest rate on judgments. That amendment was enacted after the judgment had been entered against the Lombardis but before tender of payment had been made. The amendment was passed in 1981 as Public Laws, 1981 chapter 54. It raised the interest rates specified in G.L. 1956 (1969 Reenactment) §§ 9–21–8, 9–21–10, and G.L. 1956 (1969 Reen-

actment) § 6–26–1 to 12 percent. Section 3 of chapter 54 specified that the act shall be applied retroactively to all cases pending at the time of its enactment.

Goodyear admits that it had demanded 12 percent interest and asserts that since the 1970 judgment had never been satisfied, the current interest rate of 12 percent should apply retroactively. The Lombardis assert that since the 1970 judgment was not appealed, it was final and not a pending case within the meaning of the amending statute.

■ On appeal Goodyear asserts that it was improper for the Superior Court to entertain the petition for declaratory judgment in these circumstances.[1] Goodyear also argues that since the Lombardis assert no legal or property right adverse to it, an action for declaratory judgment is therefore improper. It is Goodyear's position that all issues between the parties were adjudicated with the 1970 judgment. Since the Lombardis' attempts to have the court set the interest rate at 6 percent were denied in 1986 and since no appeal was taken from those rulings, the Lombardis should be precluded from bringing this action. We disagree.

The denials of the Lombardis' motions to fix the interest rate were merely denials of the motions made, nothing more. The issue of what was the correct rate was never decided by the court. Goodyear's allegation that the Lombardis assert no adverse legal or property right is also without merit. When one party offers 6 percent interest and the other party will only accept 12 percent, we have adverse interests arising out of a disagreement over the meaning of a statute. That kind of disagreement is expressly within the provisions of G.L. 1956 (1985 Reenactment) § 9–30–2, which reads in part:

> "Power to construe.—Any person interested under a deed, will, written contract or other writings constituting a contract,

---

1. Goodyear actually argues that the Superior Court lacked *jurisdiction* to hear the matter. That assertion is patently incorrect. A petition for declaratory judgment is specifically within the jurisdiction of the Superior Court. The issue is whether that court properly exercised its discretion in hearing and granting relief on the petition.

or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status or other legal relations thereunder."

This case does not involve the merits of the original action. This is a real and present dispute that can be resolved only by the court's interpretation of the statute. The dispute might have been decided through appeal from the original judgment if the issue had arisen within the period for taking an appeal. However, the judgment was entered in April 1970. The interest rate in the pertinent statutes was amended to 12 percent in 1981. Consequently the only means now available to the parties to resolve this dispute is by way of a petition for declaratory judgment.

This court has held that the decision to grant a remedy under the Declaratory Judgments Act is purely discretionary. *Employers' Fire Ins. Co. v. Beals*, 103 R.I. 623, 628, 240 A.2d 397, 401 (1968). We have also held that "a decision made in the exercise of a discretionary power should not be disturbed unless it clearly appears that such discretion has been improperly exercised or that there has been an abuse thereof." *Berberian v. Travisono*, 114 R.I. 269, 273–74, 332 A.2d 121, 124 (1975) (citing *Levy v. Equitable Fire & Marine Ins. Co.*, 88 R.I. 252, 146 A.2d 231 (1958)). The trial justice did not abuse his discretion in hearing and deciding this case.

■ Goodyear next asserts that the trial justice's interpretation of the retroactive provision of the interest statute was incorrect. The language in question is as follows:

"This act shall take effect upon its passage and shall be given retroactive as well as prospective effect and shall apply to all cases pending upon the effective date of this act." Public Laws 1981, ch. 54, § 3.

The trial justice held that the controversy in the original action was closed in 1970.

He said that "[o]nce a judgment is entered in the case as far as this court [is] concerned that ends any action on the case and I don't find that to be a case pending." That holding by the trial justice was supported by this court's decision in *Welsh Mfg., Division of Textron, Inc. v. Pinkerton's, Inc.*, 494 A.2d 897 (R.I.1985). In that case the court considered the matter of retroactive application of the amended statute, § 9–21–10, on prejudgment interest. The case involved an appeal from a pre–1981 judgment that was finally dismissed in 1984. This court found that the 12 percent interest rate applied because the case had not concluded until the appeals process was exhausted in 1984. The opinion states:

"We believe that the term 'judgment' as referred to in § 9–21–10 contemplates a final judgment, one that finally adjudicates the rights of the parties, whether it is a judgment *from which no appeal is taken* or a judgment that is affirmed by this court after consideration and rejection of the appellant's contentions." (Emphasis added) 494 A.2d at 898.

In the present case once the appeal period passed on the 1970 judgment, that judgment became a final adjudication of the rights and liabilities of the parties. Consequently the applicable interest rate was fixed long before the interest statute was amended. Neither the fact that the judgment remained unsatisfied nor the Lombardis' unsuccessful motions to satisfy and discharge the execution affect the finality of that judgment in any way. Therefore, the trial justice was correct when he ruled that the original case was not a pending matter within the meaning of P.L. 1981, ch. 54, § 3. That referenced legislation had no application to a pre-existing, final, unappealed judgment which had not yet been satisfied.

The final issue raised by Goodyear involves the action of the trial justice in vacating the execution on the grounds that G.L. 1956 (1985 Reenactment) § 9–25–23 required that the execution be levied within one year of the entry of judgment. The $9,000 deposited by plaintiffs into the registry of court is a sufficient sum to protect

defendant's interests. Consequently, defendant was not adversely affected when the execution was vacated.

Although we are not obligated to address this issue, we would observe, however, that the plain language in § 9–25–23 addresses the situation in which a *prejudgment* attachment has been permitted on the assets of a debtor and a judgment is later obtained. An execution must issue against that attached property promptly, no later than one year from judgment, or the attachment will be vacated unless the effect of the judgment is stayed by appeal or by some action of the court. *See In re Gibbons,* 459 A.2d 938 (R.I.1983). That section of the law would appear to have no application to a post-judgment execution. Goodyear's appeal on that issue has no merit.

For these reasons the defendant's appeal is denied and dismissed, the judgment appealed from is affirmed, and the papers of the case are remanded to the Superior Court.