[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
The Pawtucket Teachers Alliance, et al (hereinafter "plaintiffs") moves this Court for a declaratory judgment to determine the legality of a "Medical/Dental Buy Back" provision included in their collective bargaining agreement with the School Committee of the City of Pawtucket (hereinafter "school committee"). Jurisdiction is pursuant to R.I.G.L. 1956 § 9-30-1
and § 9-30-2 (1985 Reenactment).
In or about October 1991, the plaintiffs and the school committee executed a collective bargaining agreement which became effective on September 1, 1991 and is to continue in full force and effect until August 31, 1992. Article VIII, Section 9 of said agreement states:
 Buy Back: In those instances in which a husband and wife are employed by the Pawtucket School System in any capacity, the School Committee shall limit family medical/dental coverage to one spouse. In lieu of coverage, payment in the amount of one thousand ($1,000.00) dollars will be provided to the spouse who elects to drop the coverage.
 If a husband or wife has a medical/dental coverage obligation by a previous marriage, they shall be exempted from this mandatory provision.
 A teacher (administrator) who so chooses, shall have the option of receiving payment in lieu of medical/dental coverage.
 Payment will be made at the end of each quarter in four equal payments.
 Any change in the marital status (death, divorce separation, etc.) of the teacher will result in reinstatement of the coverage in accordance with the terms of the plan.
Specifically, plaintiffs seek a declaratory judgment as to whether the provisions set forth in Article VIII, Section 9 are legal.
Procedurally, at the outset, defendants have argued that the Court lacks jurisdiction to hear the instant case. The school committee contends that this Court does not have jurisdiction because pursuant to the Rhode Island Fair Employment Practices Act, claims based on unfair employment practices must first be brought before the Rhode Island Commission for Human Rights.
The Rhode Island Fair Employment Practices Act confers upon the Rhode Island Commission for Human Rights administrative jurisdiction to hear and resolve claims of unfair employment discrimination. Paulo v. Cooley Inc., 686 F. Supp. 377 (D.R.I. 1988). It is well settled, however, that even if it were possible for plaintiffs to obtain relief by administrative methods, the Uniform Declaratory Judgments Act (§ 9-30-1) grants the Superior Court "power to declare rights, status, and other legal relations whether or not further relief is or could be claimed." Taylor v.Marshall, 119 R.I. 171, 376 A.2d 712 (1972). Section 9-30-2
enumerates which persons may bring a declaratory judgment suit while § 9-30-12 states that the Uniform Declaratory Judgments Act is to be "liberally construed and administered." Id. Seealso Berberian v. Travisono, 114 R.I. 269, 332 A.2d 121
(1975), where the Rhode Island Supreme Court held that the existence of alternate methods of relief does not preclude a party from relief under the Uniform Declaratory Judgments Act. Accordingly, this Court possesses jurisdiction to hear and decide the instant case pursuant to R.I.G.L. 1956 § 9-30-1 and § 9-30-2
(1985 Reenactment).
Substantively, plaintiffs argue that Article VIII, Section 9 is illegal. The plaintiffs contend that said article discriminates against married teachers solely on the basis of their marital status. Plaintiffs allege that this provision discriminates in two ways. First, it discriminates between married persons because one spouse will receive the full health plan while the other spouse receives only $1,000, substantially less than the value of the full family health plan. Second, plaintiffs argue that Section 9 discriminates between spouses who work for the Pawtucket School System and teachers who are either single or whose spouses have other employment. A teacher whose spouse works for the Pawtucket School System may receive only $1,000, while a teacher who is either single or whose spouse has other employment will receive the full family health plan.
Under Rhode Island law, claims based on discriminatory employment practices are brought pursuant to the State Fair Employment Practices Act (Title 28, Chapter 5). Section28-5-7(1)(A)(B) of said act provides in pertinent part as follows:
 28-5-7 Unlawful employment practices — It shall be an unlawful employment practice: (1) For any employer: (A) To refuse to hire any applicant for employment because of his race or color, religion, sex, handicap, age, or country of ancestral origin, or (B) Because of such reasons, to discharge an employee or discriminate against him with respect to hire, tenure, compensation, terms, conditions or privileges of employment, or any other matter directly or indirectly related to employment, . . . .
Marital status discrimination is not explicitly referred to in the aforementioned act, nor has the Rhode Island Supreme Court addressed this issue. The Rhode Island Supreme Court, however, has stated that although the State Fair Employment Practices Act has seldom been interpreted by the Court, the language of Title VII of the Civil Rights Act of 1964, and in particular 42 U.S.C.A. § 2000e-2,[1] is virtually the same as that in §28-5-7(1)(A)(B). Therefore, when considering claims brought pursuant to the State Fair Employment Practices Act, federal decisions regarding Title VII are applicable. Newport Shipyardv. Rhode Island Commission For Human Rights, 484 A.2d 893 (R.I. 1984); Narragansett Electric Co. v. Rhode Island Commission ForHuman Rights, 118 R.I. 457, 374 A.2d 1022 (1977). Such federal decisions involving Title VII are persuasive. NarragansettElectric Co., 118 R.I. at 460.
Under Title VII, marital status is not specified as a protected class. However, numerous federal decisions have held that discrimination resulting from an individual's marital status violates the intent of Congress to do away with disparate employment practice among men and women and accordingly falls within the category of "sex" as set forth in Title VII. SeeMeier v. Evansville-Vanderburgh School Corp., 416 F. Supp. 748
(S.D. Ind. 1975); Sprogis v. United Airlines, Inc., 444 F.2d 1194
(7th Cir. 1971). In order to establish a prima facie violation of Title VII (and, presumably, § 28-5-7) plaintiffs must prove by a preponderance of the evidence a discriminatory effect on a class of employees. Albemarle Paper Co. v. Moody,422 U.S. 405, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975);Narragansett Electric Co., 118 R.I. at 465.
A review of federal case law reveals that the overwhelming majority of federal decisions deal with marital status discrimination in the context of antinepotism or head-of-household rules. In these cases, marital status discrimination may be cognizable where there is a disparate impact upon one sex. See McDonald v. United Air Lines,745 F.2d 1081 (7th Cir. 1984); Yakas v. Libbey-Owens-Ford Co.,562 F.2d 496 (7th Cir. 1977); Hill v. Human Rights Commission, 735 F. Supp. 255 (N.D. Ill. 1990).
In the instant case, Article VIII, Section 9 is gender neutral, both facially and in practice. The "Buy-Back" provision does not adversely impact either spouse on the basis of his or her sex, nor do plaintiffs make such allegations.
Moreover, pursuant to Article VIII, Section 9, the teacher who elects to drop his or her medical/dental coverage receives the same coverage as a dependent under their spouses' plan as he or she would under his or her own plan. Thus, both spouses receive identical coverage. Additionally, the coverage provided to both spouses is identical to that provided to any other teacher in the Pawtucket school system. Article VIII, Section 9 may even provide a supplemental benefit in the form of the payment of $1,000. to the spouse who elects to drop his or her coverage. In no manner does either spouse, where both work for the Pawtucket School Department, receive less than total health/dental coverage. Therefore, this Court finds that the provisions set forth in Article VIII, Section 9 do not confer a discriminatory effect on the plaintiffs.
Accordingly, for the reasons set forth herein, this Court declares that Article VIII, Section 9 of the collective bargaining agreement between the plaintiffs and the school committee is legal. Said article does not constitute discrimination because of sex within the meaning of Title VII of the Civil Rights Act of 1964 or R.I.G.L. § 28-5-7.
Counsel shall submit the appropriate judgment for entry.
[1] That section provides, in pertinent part:
(a) It shall be an unlawful employment practice for an employer-
(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin * * *.