Kenneth J. REGELE

v.

ALLSTATE INSURANCE COMPANY.

No. 95–740–Appeal.

Supreme Court of Rhode Island.

March 20, 1997.

Mark D. Tourgue.

Michael Prew, Warwick.

### ORDER

This matter came before the Supreme Court on March 7, 1997, pursuant to an order that directed the parties to show cause why the issues raised by this appeal should not be summarily decided. The plaintiff, Kenneth J. Regele, has appealed from a Superior Court declaratory judgment that determined that a homeowner's policy issued to the plaintiff by the defendant, Allstate Insurance Company, was clear and unambiguous in entitling plaintiff to only ten percent of the value of his lost personal property. After reviewing the memoranda of the parties and after hearing the arguments of counsel, we are of the opinion that cause has not been shown and the appeal will be decided at this time.

The plaintiff sought coverage under his Allstate homeowner's insurance policy as a result of an alleged fire loss which occurred in British Columbia, Canada, on September 11, 1994, when the plaintiff's travel trailer caught fire while he was towing it home to Coventry, Rhode Island. The defendant offered to pay plaintiff ten percent of the total value of plaintiff's claimed loss of $38,917.00 pursuant to "Coverage C Personal Property Protection" which provided:

"Property We Cover:

Personal property owned or used by an insured person anywhere in the world. When personal property is usually at a residence, which is not a residence premises, coverage is limited to 10% of the personal property protection coverage."

The plaintiff refused the settlement and filed suit seeking a declaratory judgment pursuant to the G.L.1956 (1985 Reenactment) Section 9–30–1 *et seq.* In a complaint for declaratory judgment under § 9–30–1, the Superior Court is granted the "power to declare rights, status, and other legal relations whether or not further relief is or could be claimed," and under § 9–30–2, "[a]ny person interested under a deed, will, written contract or other writings constituting a contract * * * may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status or other legal relations thereunder." The statute, then, essentially permits opinions to be rendered on such issues provided there is a case in controversy.

At the hearing on the declaratory judgment action, plaintiff maintained that the policy was ambiguous and that, alternatively, he was misled by defendant's agent who allegedly misrepresented that, in this type of loss, the policy would provide coverage representing the full value of personal items lost.

After the hearing, the trial justice entered an order concluding that the policy was "clear and unambiguous and entitles the plaintiff to only 10% of the value of the personal property lost because the property was located away from the residence premises at the time of the incident." The order also specifically stated that it would "not prejudice any questions of fact regarding plaintiffs' allegations that misrepresentations were made to him by agents of Allstate." The order was entered on November 7, 1995, and plaintiff timely appealed.

The parties disagreed on whether plaintiff could proceed on a count of misrepresentation. Although no separate count for misrepresentation was included in plaintiff's complaint, paragraph nine of the complaint claims a right to relief on the basis of the agent's representations or on the language of the policy itself. Moreover, following her declaratory judgment that the policy was not ambiguous, the trial justice stated "I believe * * * that the Regeles have the right to proceed * * * in order to prove that they were, in fact, misled intentionally or unintentionally by the agent." Consequently, plaintiff may proceed with the misrepresentation claim.

Because the trial justice excised the issue of misrepresentation, we treat the declaratory judgment in respect to the policy as a final judgment. We are of the opinion that a decision made in the exercise of a discretionary power, such as a remedy under the Uniform Declaratory Judgments Act, should not be disturbed unless it clearly appears that such discretion has been improperly exercised or abused or unless the trial justice was clearly wrong. *Lombardi v. Goodyear Loan Co.*, 549 A.2d 1025, 1027 (R.I.1988). Because the trial justice's ruling is supported by the language of the policy, we affirm the determination that the policy coverage was limited to ten percent of plaintiff's loss.

Consequently, we deny and dismiss the appeal and return the papers in this case to the Superior Court.