[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
Before this Court is an appeal by Solomon A. Solomon and Lillian Solomon (Plaintiffs) of a decision of the City of East Providence Zoning Board, sitting as the Board of Appeals (Zoning Board). The Plaintiffs seek a reversal of the decision of the Zoning Board overturning a decision of the City of East Providence Planning Board (Planning Board) that had denied subdivision relief to Defendant Gianlorenzo Sons Construction Co. (Gianlorenzo). The Plaintiffs also seek declaratory relief, requesting this Court to declare a restrictive covenant in the property's chain of title is valid, in full force and effect, continues into perpetuity, and prevents the subdivision of the subject parcel. Jurisdiction in this Court is pursuant to G.L. 1956 §§ 9-30-1 and 45-23-71.
 FACTS AND TRAVEL
The subject parcel is designated as Map 408, Block 7, Parcel 10 in the City of East Providence, Rhode Island. In 2003, Gianlorenzo filed an application with the Planning Board, seeking to subdivide the parcel located at the corner of Cushman Street and Dover Avenue in East Providence. The Planning Board preliminarily approved the application in November of 2003. Upon learning from the Plaintiffs, owners of property across from the lot, that a restriction may exist within the chain of title of the property, the Planning Board instructed its law department to investigate the restrictive covenant.
Land Evidence Records determined that a warranty deed from Alfred G. Kent to W. Everett Bowen, recorded on April 22, 1952, contained the restrictive covenant in question. The deed provided:
 "There shall not be erected on said land more than one house and such dwelling shall be designed to accommodate not more than two families, but this restriction shall not be construed to prevent or preclude the erection of a private garage."
W. Everett Bowen transferred title to the property by will to Hazel E. Bowen on June 14, 1971. The estate of Hazel E. Bowen transferred the property by deed to Gianlorenzo on June 20, 2001.
The parties submitted title reports to the Planning Board's law department. Gianlorenzo stated that the restriction was in full force and effect until 2011. After reviewing the reports, the law department determined that the Lot is subject to a private restriction that would run with the property. The Planning Board voted on February 19, 2004 to deny the subdivision application as a result of this recommendation.
Gianlorenzo appealed the Planning Board's decision to the Zoning Board, arguing that the Planning Board violated Section 1-4(b) of Article 1 of the East Providence Land Development and Subdivision Review Regulations (Subdivision Regulations). Section 1-4(b) provides: "Private
deed Restrictions or private covenants for a subdivision, which have not been included as a part of the approved subdivision plan, do not fall within the jurisdiction of enforcement by any local agency and cannot be enforced by the Division of Building Inspection." (Emphasis added.)
On May 19, 2004, the matter came before the Zoning Board. In a written decision dated May 26, 2004, the Zoning Board found that the record indicated that Gianlorenzo's application met all of the requirements for a subdivision, and that its denial "was based solely upon a private deed restriction recorded against the lot in question, which was not included as part of the approved subdivision plan." (Emphasis added.) The Zoning Board noted that the Planning Board failed to consider or reference Section 1-4 of the Subdivision Regulations in its decision, thus, in effect, enforcing a private deed restriction. The Zoning Board reversed and remanded the Planning Board's decision, stating that the Planning Board's failure to properly consider Section 1-4 of the Subdivision Regulations was in clear error.
The Plaintiffs filed their complaint on June 11, 2004. The Plaintiffs seek reversal of the decision of the Zoning Board, as well as a declaration that the restrictive covenant is valid, in full force, and also prohibits the property's subdivision.
 STANDARD OF REVIEW
Under the Subdivision Regulations Section 11-5, the Zoning Board, sitting as an appellate board for the Planning Board, can only reverse a decision of the Planning Board "on a finding of prejudicial error, clear error, or lack of support by the weight of the evidence in the record." When reviewing such appellate decisions from the Zoning Board, this Court follows the standard of review articulated in § 45-23-71(c). Section45-23-71(c) states:
 "The court shall not substitute its judgment for that of the planning board as to the weight of the evidence on questions of fact. The court may affirm the decision of the board of appeal or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory, ordinance or planning board regulations provisions;
 (2) In excess of the authority granted to the planning board by statute or ordinance;
(3) Made upon unlawful procedure;
(4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
In its review of Zoning Board decisions, this Court "`is limited to a search of the record to determine if there is any competent evidence upon which the agency's decision rests.'" Restivo v. Lynch, 707 A.2d 663, 665
(R.I. 1998) (quoting E. Grossman Sons, Inc. v. Rocha, 118 R.I. 276,285-86, 373 A.2d 496, 501 (1977)). Competent evidence is "any evidence that is not incompetent by reason of being devoid of probative force as to the pertinent issues. Zimarino v. Zoning Bd. of Review, 95 R.I. 383,386, 187 A.2d 259, 261 (1963). This Court must uphold a decision of the Zoning Board if it is supported by competent evidence. Bellevue ShoppingCtr. Ass'n v. Chase, 574 A.2d 760, 764 (R.I. 1990).
Moreover, a party may be entitled to declaratory relief, even if alternative methods of relief are available. Taylor v. Marshall,119 R.I. 171, 180, 376 A.2d 712, 717 (1977). In determining whether to grant declaratory relief, this Court should consider:
 "the existence of another remedy, the availability of other relief, the fact that a question may readily be presented in an actual trial, and the fact that there is pending, at the time of the commencement of the declaratory action, another action or proceeding which involves the same parties and in which may be adjudicated the same identical issues that are involved in the declaratory action."
Berberian v. Travisono, 114 R.I. 269, 273, 332 A.2d 121, 123 (1975). The Uniform Declaratory Judgments Act, §§ 9-30-1 to 9-30-16, grants the Superior Court "power to declare rights, status, and other legal relations whether or not relief is or could be claimed." Section 9-30-1. The existence of an actual or justiciable controversy is a "necessary predicate" to a Court exercising jurisdiction under the Uniform Declaratory Judgments Act. Meyer v. City of Newport, 844 A.2d 148, 151
(R.I. 2004). Section 9-30-2 provides in relevant part that
 "[a]ny person interested under a deed . . . may have determined any question of construction or validity arising under the instrument . . . and obtain a declaration of rights, status, or other legal relations thereunder."
The decision to issue a declaratory judgment lies within the trial justice's discretion. Sullivan v. Chafee, 703 A.2d 748, 751 (R.I. 1997) (citing Woonsocket Teachers' Guild Local Union 951, AFT v. WoonsocketSch. Comm., 694 A.2d 727, 729 (R.I. 1997)); Lombardi v. Goodyear LoanCo., 549 A.2d 1025, 1027 (R.I. 1988) (citing Employers' Fire Ins. Co. v.Beals, 103 R.I. 623, 628, 240 A.2d 397, 401 (1968)). Section 9-30-12
provides that the Uniform Declaratory Judgments Act should be "liberally construed and administered."
 THE APPEAL OF THE ZONING BOARD'S DECISION
In their appeal, Plaintiffs primarily argue the validity of the restrictive covenant as a ground for this Court to reverse the Zoning Board's decision. Essentially, the Plaintiffs argue that the Planning Board and Zoning Board exceeded their jurisdiction in hearing Gianlorenzo's application for a lot subdivision because Gianlorenzo's ownership of the lot is "questionable" and "clearly wanting." (Pl.'s Mem. at 10.)
Specifically, the Plaintiffs contend that an owner of property subject to a restrictive covenant cannot seek zoning relief because the restriction divests the property owner of certain aspects of ownership. Therefore, the Plaintiffs argue, Gianlorenzo is not the "full fee owner of the Lot," and "is[,] therefore[,] precluded from applying for subdivision approval thereon." (Pl.'s Mem. at 11.) The restrictive covenant, however, does not divest Gianlorenzo of any of his rights ofownership of the property. The covenant clearly interferes with Gianlorenzo's use of the property because it prevents Gianlorenzo from building more than one house on "said land" until the covenant is no longer in force. The restrictive covenant neither obstructs Gianlorenzo's ability to work with the property within the boundaries of the covenant, nor prevents Gianlorenzo from applying to the Planning Board for zoning relief. Consequently, the Planning Board and the Zoning Board possessed jurisdiction to hear Gianlorenzo's application.
Furthermore, the decision of the Zoning Board is supported by competent evidence. The Zoning Board found that the Planning Board enforced a private restriction when it denied Gianlorenzo's application. The Planning Board had issued a preliminary approval for Gianlorenzo's application before learning of the private deed restriction. Only upon learning of the restriction did the Planning Board deny the application. This denial, the Zoning Board concluded, was clear error because under Section 1-4 of the Subdivision Regulations, "[p]rivate deed restrictions . . . do not fall with the jurisdiction of enforcement by any local agency." Consequently, the Zoning Board reversed and remanded the application for the Planning Board to issue a new decision that comports with Section 1-4.
The Zoning Board overturned the Planning Board for failing to follow the Subdivision Regulations. The Zoning Board's decision was not affected by any error of law or in excess of the Zoning Board's authority. This Court, therefore, upholds the decision of the Zoning Board, which reversed and remanded the decision of the Planning Board, denying Gianlorenzo's application for subdivision.
 THE RESTRICTIVE COVENANT
The Plaintiffs seek a declaration from this Court that the restrictive covenant in the deed is valid, in full force and effect, continues into perpetuity, and that it prohibits the subdivision of the property. Gianlorenzo agrees that the restrictive covenant is valid and in full force and effect at this time, but denies that it is valid into perpetuity or prevents the property's subdivision. Rhode Island case law is clear that "[a] zoning ordinance cannot destroy the force and effect of a restrictive covenant." Martellini v. Little Angels Day Care, Inc.,847 A.2d 838, 844-45 (R.I. 2004) (quoting Farrell v. Meadowbrook Corp.,111 R.I. 747, 750, 306 A.2d 806, 808 (1973)). As stated above, a party may be entitled to declaratory relief even if alternative methods of relief are available. Taylor, 119 R.I. at 180, 376 A.2d at 717. In determining whether to grant declaratory relief, this Court will consider whether the Plaintiffs have available another remedy or relief, whether the proposed declaration may be presented at an actual trial, and whether another action involving the current parties is currently pending.Berberian, 114 R.I. at 273, 332 A.2d at 123. In the instant case, the Zoning Board and the Planning Board do not have the authority to enforce the private restrictive covenant contained within Gianlorenzo's chain of title. Subdivision Regulations, Art. 1, Sec. 1-4(b). Thus, no other remedy or relief exists for the Plaintiffs. Furthermore, no other action or proceeding is currently pending between the Plaintiffs and Gianlorenzo.
The Marketable Record Title Act (MRTA), G.L. 1956 § 34-13.1-1 to34-13.1-11, prescribes the rules by which restrictions of record may be extinguished by the passage of time. The MRTA became effective on January 1, 1996. P.L. 1995, ch. 241, § 2. The MRTA defines the root of title as the instrument in force 40 years before the time marketability is to be determined; if the root of title contains the restriction or a specific reference to the restriction, the restriction remains in force. Section34-13.1-1(e). Applying this formula to the facts of the instant case, the 1952 warranty deed is the root of title.
The Plaintiffs contend that the restrictive covenant is valid into perpetuity because the MRTA does not apply. The Plaintiffs assert that the MRTA is inapplicable because it does not retrospectively apply to a deed recorded 44 years before the MRTA became effective. At this time, however, this Court will not declare whether the MRTA applies because the restrictive covenant will still be valid and in full force and effect even with the application of the MRTA. Under the MRTA, the restrictive covenant is effective until 2011.[1] Thus, deciding whether the MRTA applies to this restrictive covenant or whether it is valid into perpetuity does not now settle a justiciable controversy.
The Plaintiffs also argue that the plain language of the restrictive covenant prevents subdivision of the property. They argue that the clear and unambiguous language of the provision "prohibits exactly that which is proposed in the Gianlorenzo subdivision," and that "[t]he covenant simply and clearly prohibits the construction of more than one house on the property." (Pl.'s Mem. at 5 (emphasis added).) As stated above, the parties agree that the restrictive covenant is valid and in full force and effect at this time. The parties disagree as to what, exactly, the restriction prohibits. Statutory Rules of Construction, as enunciated by the Rhode Island Supreme Court, apply in seeking to determine the intent of a drafter of a restrictive covenant. Courts interpreting restrictive covenants have the objective "to achieve the delicate balance in favor of `the free alienability of land while still respecting the purposes for which the restriction was established.'" Ridgewood Homeowners Ass'n v.Mignacca, 813 A.2d 965, 971 (R.I. 2003) (quoting Gregory v. State Dep'tof Mental Health, Retardation Hospitals, 495 A.2d 997, 1000 (R.I. 1985)). When there is no ambiguity, this Court "`will effectuate the purposes for which the restriction was established.'" Id. at 972 (quotingHanley v. Misischi, 111 R.I. 233, 238, 302 A.2d 79, 82 (1973)).
The covenant contained within the 1952 deed clearly prohibits Gianlorenzo from erecting "more than one house" on the property. The words of a restrictive covenant are given "`their plain and ordinary meaning unless a contrary intent is discernable from the face of the instrument.'" Id. When terms of the restrictive covenant are unambiguous on its face, our Supreme Court has stated that it is "constrained to interpret this limitation in its literal sense." Martellini,847 A.2d at 843. In its application for subdivision, Gianlorenzo desires to subdivide the property, but does not seek to construct more than one house on the property. The Plaintiffs even agree that the covenant prohibits the construction of more than one house on the property. Whether Gianlorenzo seeks to subdivide the property with the intent to build a second home on the parcel, if and when the restriction is no longer in force, is irrelevant to the instant application for subdivision and does not violate the restrictive covenant. Thus, Gianlorenzo's application for subdivision does not violate the terms of the restrictive covenant on the property.
 CONCLUSION
After review of the entire record, this Court finds the decision of the Zoning Board, sitting as an Appellate Board of the Planning Board, is not clearly erroneous, is made upon proper procedure, is not in violation of ordinance provisions or planning board regulations provisions, is within the Zoning Board's authority, is not arbitrary or capricious or characterized by abuse of discretion, and is not affected by error of law. Substantial rights of the Plaintiffs have not been prejudiced. The parties have agreed that the restrictive covenant on the property is valid and is in full force and effect at this date; so that Gianlorenzo must abide by the restriction and only one house may be built on the parcel unless and until the covenant is no longer in force. This Court also declines to issue a declaration as to whether the covenant is valid into perpetuity as the terms of the restrictive covenant bear no effect on Gianlorenzo's ability to subdivide the property. Counsel should submit the appropriate judgment for entry.
[1] This property has been subject to two transfers since the warranty deed of 1952: the will transfer in 1971 and the estate sale in 2001. In 2011, the Root of Title will be W. Everett Bowen's will of 1971, which transferred title of the property to Hazel E. Bowen. The will contained no specific reference to the restrictive covenant, and if no subsequent recordation is made specifically referencing the restrictive covenant between now and 2011, the covenant will expire at that time. Section34-13.1-3(1).